345 So.2d 1046 (1977)
Judson F. LLOYD, M.D.
v.
JEFFERSON DAVIS MEMORIAL HOSPITAL et al.
No. 49365.
Supreme Court of Mississippi.
May 11, 1977.
*1047 George F. West, Jr., Forrest A. Johnson, Natchez, for appellant.
Zuccaro, Riley, Pintard & Brown, Joseph S. Zuccaro, Natchez, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
ROBERTSON, Justice, for the Court:
The appellant, Judson F. Lloyd, M.D., on April 18, 1975, filed a bill of complaint against the Jefferson Davis Memorial Hospital and its Board of Trustees in the Chancery Court of Adams County. Dr. Lloyd prayed that the court "affirmatively enjoin defendants to grant complainant full membership on the medical staff of the hospital commensurate with his training and skill."
After a hearing in the chancery court, that court remanded the case to the Board of Trustees of the Hospital for further review and consideration. The Board of Trustees, after further consideration, voted six-to-one to deny staff privileges to Dr. Lloyd. The chancellor affirmed the judgment and decision of the Hospital Board, saying:
"[T]his Court does not have the authority to substitute its judgment for that of the Board of Trustees, where there is evidence to support it and it is not manifestly incorrect."
The chancellor cited the case of Sosa v. Board of Managers of Val Verde Memorial Hospital, 437 F.2d 173 (5th Cir.1971), in support of his decision.
The report of the Hospital's Board of Trustees to the chancellor listed these reasons for finding against Dr. Lloyd:
"Some reasons advanced by those voting against admission of Dr. Lloyd to the Medical Staff included:
"That the Board of Trustees must necessarily rely to a great extent on the administrative decisions of the Medical Staff as to medical reasons.
"That the fact that the vast majority of the Medical Staff voted against the admission of Dr. Lloyd to the Medical Staff.
"There was also discussion and opinions that Dr. Lloyd does not possess fundamental medical knowledge and the ability to apply the knowledge he has, and further that he is unable to recognize his own mistakes. Some consideration was given to the fact that some letters received from other institutions rated Dr. Lloyd poor to fair and that several of them were not enthusiastically in his support. It was noted that some references were good and these were taken into account. It was also taken into account that Dr. Lloyd does have certain favorable `paper' qualifications. There was general concurrence from those who voted against the admission of Dr. Lloyd that they did so sadly and they did not quarrel with or doubt Dr. Lloyd's deep concern and compassion for his patients. It was also stated that the vote was not a popularity contest of Dr. Lloyd with his patients, but as to his medical competency to practice medicine at Jefferson Davis Memorial Hospital. It was the feeling of some members of the Board that the Medical Staff had gone to extremes to assist and aid Dr. Lloyd and that any hostility which he felt was due in large measure to his actions and that the hostility was not motivated because of his clientele, but because of his medical activities."
*1048 In affirming this case, we adopt the reasoning of the Court of Appeals, Fifth Circuit, in Sosa v. Board of Managers of Val Verde Memorial Hospital, 437 F.2d 173 (5th Cir.1971), wherein that Court said:
"No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. The Board has chosen to rely on the advice of its Medical Staff, and the court cannot surrogate for the Staff in executing this responsibility. Human lives are at stake, and the governing board must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance. The court is charged with the narrow responsibility of assuring that the qualifications imposed by the Board are reasonably related to the operation of the hospital and fairly administered. In short, so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere. Courts must not attempt to take on the escutcheon of Caduceus." 437 F.2d at 177. (Emphasis added).
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.