[No. 4964–1. Division One. December 12, 1977.]

THE CITY OF SEATTLE, *Respondent,* v. ERNEST R. APODACA, *Appellant.*

*Gilbert H. Levy* of Seattle–King County Public Defender, for appellant.

*John P. Harris, Corporation Counsel,* and *P. Stephen Di Julio, Assistant,* for respondent.

FARRIS, C.J.—Ernest R. Apodaca appeals from his conviction of the offense of obstructing a police officer. He contends that the trial court erred (1) in denying his motion for discovery of the Seattle Police Department's internal investigation files, (2) in excluding the introduction of evidence of self–defense, and (3) in refusing to grant a continuance requested on the first day of trial.

The scope of discovery, *State v. Tyler,* 77 Wn.2d 726, 466 P.2d 120 (1970), the admission of testimony, *State v. Schrager,* 74 Wn.2d 75, 442 P.2d 1004 (1968), and the granting of a continuance, *State v. Eller,* 84 Wn.2d 90, 524 P.2d 242 (1974), are all matters within the discretion of the trial court, subject to review for manifest abuse of discretion. There was no such abuse here.

 The record reflects that Apodaca was provided the written and recorded statements of the police officers involved in his arrest, as well as the opportunity to interview all officers having knowledge of the case. Apodaca asserts that he was also entitled to the production of the files of the Internal Investigation Division of the Seattle Police Department. We disagree. A criminal defendant is not entitled, as a matter of right, to inspect any documents made by prosecution witnesses. *State v. Music,* 79 Wn.2d 699, 489 P.2d 159 (1971). Apodaca's reliance on *Cook v. King County,* 9 Wn. App. 50, 510 P.2d 659 (1973), which requires the trial court to make an in camera examination of the confidential communication to determine whether the public interest would suffer by its disclosure, is misplaced. In *Cook,* the motion for discovery was *granted* over the police department's objection that the information was

privileged pursuant to RCW 5.60.060(5). Here, Apodaca complains that his discovery motion was *denied.* He did not request an in camera examination of the internal investigation files nor did he provide the trial court with a basis upon which it could conclude sua sponte that such an examination was necessary. Full discovery except for the internal investigation files was granted. We find no basis in the record for Apodaca's argument that the trial court abused its discretion in denying discovery of the internal investigation files.

■ Apodaca was charged with obstructing the lawful arrest of his brother, not with resisting his own arrest. The alleged use of excessive force by the police occurred *after* the events giving rise to the crime charged.

> The trial court was correct in limiting the evidence to the issue of whether the appellant willfully hindered a member of the police force in the performance of his official duties. It was critical to the case that the jury not be misled into considering use of excessive force by the police, subsequent to the alleged hindrance, to be a defense to that hindrance.

*Seattle v. Arensmeyer,* 6 Wn. App. 116, 120, 491 P.2d 1305 (1971). Apodaca therefore failed to lay a foundation for the introduction of evidence and a jury instruction on self–defense. Nor was the trial court's refusal to admit evidence of injuries suffered by Apodaca to show bias of police witnesses reversible error.

> The relevancy of evidence, . . . must be balanced against any inflammatory effect it might have on the jury. If the relevance is remote and of little necessity and is engulfed by prejudicial effect, the evidence will not be admissible.

*State v. Westlund,* 13 Wn. App. 460, 471, 536 P.2d 20, 77 A.L.R.3d 270 (1975).

■ Apodaca moved for a continuance on the first day of trial for the purpose of compelling the attendance of a missing witness. Any testimony that the witness could have offered would have been either inadmissible as relating to the question of self–defense or, at best, cumulative to the

testimony of Apodaca's mother and girl friend. Such testimony would have had no "qualitative impact or significant effect upon the ultimate result." *State v. Eller, supra* at 98. Further, the statutory requirement of due diligence, which includes issuance of a subpoena to insure the witness' presence in court, was not satisfied. RCW 10.46.080; *State v. Turner,* 16 Wn. App. 292, 555 P.2d 1382 (1976). Obtaining the missing witness' "assurance" that he would "show up" is not enough.

Affirmed.

JAMES and CALLOW, JJ., concur.