[No. 4343–1.   Division One.   January 16, 1978.]

CHARUMATI RAO, *Appellant,* v. AUBURN GENERAL
HOSPITAL, ET AL, *Respondents.*

*Johnson, Crane & Ryan* and *Ernest F. Crane,* for appellant.

*Williams, Lanza, Kastner & Gibbs, Daniel E. Tolfree, Joel D. Cunningham, Wendells, Froelich, Power & Lakefish,* and *A. T. Wendells,* for respondents.

ANDERSEN, J.—

FACTS OF CASE

Dr. Charumati Rao appeals from a judgment of the trial court denying her request for staff privileges at the Auburn General Hospital and asking damages because of the hospital's refusal to grant her such privileges.

This same case was previously before us in *Rao v. Auburn Gen. Hosp.,* 10 Wn. App. 361, 517 P.2d 240 (1973). There we extensively reviewed the law as it pertains to judicial review of a hospital's denial of staff privileges to a doctor. Notable among the decisions reviewed were *Group Health Cooperative v. King County Medical Soc'y,* 39 Wn.2d 586, 237 P.2d 737 (1951) and *Rao v. Board of County Comm'rs,* 80 Wn.2d 695, 497 P.2d 591 (1972).

On the first appeal to this court, we had before us a summary judgment dismissing Dr. Rao's case as a matter of law. As we there noted, the case did present material factual issues which required a trial to resolve. We thereupon remanded the case for trial with the following directions to the trial court:

1. A finding must be entered concerning the private or the public or quasi–public status of the hospital.

2. A finding must be entered on whether race or sex was the basis for rejection.

3. In the event the hospital has been found to be public or quasi–public, and neither race nor sex the basis for rejection, then a further finding must be entered on whether the applicant was rejected on an arbitrary, tyrannical or fundamentally wrong basis.

4. Conclusions consistent herewith must be entered following the entry of the findings indicated.

*Rao v. Auburn Gen. Hosp., supra* at 368.

Following remand, a 2 1/2–week nonjury trial was held. Some 19 witnesses testified and 80 exhibits were admitted into evidence. The trial court found as facts: that the hospital was a private hospital; that neither the hospital nor its board, medical staff or employees had practiced any racial or sex discrimination in denying Dr. Rao's application for staff privileges; and that the hospital had processed the doctor's application in accordance with its bylaws.

The trial court concluded that Dr. Rao was not entitled to a mandatory injunction requiring the hospital to grant her admission to its medical staff, as requested, nor was she entitled to recover monetary damages as she had also requested.

For convenience, we will refer to the hospital herein as though it were the sole defendant. Two principal issues are presented by this second appeal.

## ISSUES

ISSUE ONE. In denying staff privileges to Dr. Rao, did the hospital exceed its authority?

ISSUE TWO. Did the trial court err in denying a jury trial?

## DECISION

ISSUE ONE.

CONCLUSION. Hospitals have an interest in the quality of their medical staffs, and the hospital herein did not abuse its discretion in denying medical staff privileges to the applicant doctor.

■ Most of Dr. Rao's assignments of error challenge various findings of fact made by the trial court. We have reviewed the entire record. The findings are supported by substantial evidence. We therefore accept the findings as verities and cannot retry the factual issues. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Teratron Gen. v. Institutional Investors Trust*, 18 Wn. App. 481, 487, 569 P.2d 1198 (1977).

■ In any case involving the grant or denial of staff privileges in a hospital, the doctor applicant, hospital and public all have an interest. Sometimes, as here, those interests are conflicting. The doctor depends on the hospital for specialized equipment, trained health care professionals and also for the opportunity for consultation and continuing education. If the doctor is denied these privileges, it can result in a loss of income and professional prestige. Similarly, hospitals have a legitimate interest in the quality of their medical staffs upon which they are largely dependent for their accreditation, good reputation and economic success; and last but certainly not least,

> the most vital interest in the quality of medical care received in a hospital is that of the public which it serves. Assuming, without deciding, that private hospital authorities have no legal duty to examine into the qualifications of applicants for admission to the institution's medical staff, they have toward this group at least an ethical duty to do so.

*Rao v. Board of County Comm'rs*, 80 Wn.2d 695, 698, 497 P.2d 591 (1972).

In its own interest and in the public interest, a hospital does have the discretionary right to exclude doctors from staff privileges, whether based on the doctor's lack of proficiency or upon the concern that the doctor has a personality which will be detrimental to the working of the hospital. *Group Health Cooperative v. King County Medical Soc'y, supra* at 667–69; *Rao v. Board of County Comm'rs, supra* at 696.

To the extent that the challenge to the findings disputes the hospital's exercise of its discretion, it is not well taken. Of the various hospitals contacted by the Auburn General Hospital's credentials committee, Dr. Rao's staff privileges had been terminated in one, she had been released by two and her privileges had been substantially restricted by two others. In view of the showing made, we cannot say that the Auburn General Hospital abused its discretion in denying staff privileges to Dr. Rao.[1] *Rao v. Board of County Comm'rs, supra* at 696–98. We adopt the reasoning of the court in *Sosa v. Board of Managers of Val Verde Memorial Hosp.,* 437 F.2d 173, 177 (5th Cir. 1971):

> No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. The Board has chosen to rely on the advice of its Medical Staff, and the court cannot surrogate for the Staff in executing this responsibility. Human lives are at stake, and the governing board

---

[1]Examples of the reports received by the credentials committee include the following excerpts from the reports of four different hospitals:

"I have reviewed the records on Doctor Charumati Rao and find she was on our staff for approximately two years. During this time it was found that her work was substandard and she was placed on restriction which allowed her very minor privileges."

\* \* \*

". . . we were not particularly impressed with her work. She was given full privileges when she was on the staff, but because of obvious inadequacies, her surgical privileges were withdrawn. . . ."

\* \* \*

". . . It was soon evident that she did not have competence in these fields proportionate to her stated background in medical education, internship, and residency programs. . . .

"Dr. Rao was notified that she did not measure up to the position for which she was appointed and was discontinued early in January of 1965. . . ."

\* \* \*

". . . Doctor Rao was admitted to the staff in July of 1965. Staff rules provide that during the first six months of a new physician's tenure, or until such time competence is demonstrated, the physician will have supervision of the chief of staff or a staff member appointed by him. Our supervising staff felt that Dr. Rao's technical ability was unsatisfactory and recommended continued supervision. Dr. Rao refused to abide by this staff by–law and threatened legal action. . . .

"We found her to be quite emotionally unstable and volatile. . . ."

must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance. . . . Courts must not attempt to take on the escutcheon of Caduceus.

*Accord, Lloyd v. Jefferson Davis Memorial Hosp.,* 345 So. 2d 1046, 1048 (Miss. 1977); *Khan v. Suburban Community Hosp.,* 45 Ohio St. 2d 39, 340 N.E.2d 398 (1976). *See Rao v. Auburn Gen. Hosp.,* 10 Wn. App. 361, 517 P.2d 240 (1973).

ISSUE TWO.

CONCLUSION. Since this case involves both equitable and legal issues, the decision to grant or deny a jury trial was largely discretionary with the trial court. We find no abuse of that discretion.

■ The doctor sought a mandatory injunction as well as monetary damages. In cases involving both legal and equitable issues, as this one does, the trial court has a broad discretion in allowing a jury to determine some, none or all of the factual issues presented. *Scavenius v. Manchester Port Dist.,* 2 Wn. App. 126, 129, 467 P.2d 372 (1970); *Thompson v. Butler,* 4 Wn. App. 452, 454, 482 P.2d 791 (1971). *See* CR 38 and CR 39.

Here the trial court's order denying the right to a jury was based on its analysis that the action was primarily equitable. It did not abuse its discretion.

The doctor's remaining contentions do not merit extensive discussion.

■ Issue cannot be taken with the hospital's bylaws for the first time on appeal. *Merchants Leasing Co. v. Clark,* 14 Wn. App. 317, 323, 540 P.2d 922 (1975).

■ The trial court did not err in not entering findings in response to direction No. 3 of our remittitur on the first appeal. By the terms of that direction, no such findings were required once the trial court determined, as it did, that the hospital was a private hospital and that no discrimination was in fact involved in the decision denying

staff privileges. Furthermore, the hospital did request that the trial court enter such a finding, but counsel for the doctor objected. Invited error precludes judicial review. *State v. Newman,* 4 Wn. App. 588, 591–92, 484 P.2d 473 (1971).

Dr. Rao was accorded the right to cross–examine extensively all of the witnesses who testified on behalf of the hospital. It was not error to refuse to permit her to call certain persons as hostile witnesses since they were not shown to be actually hostile, and since they were not adverse parties, or officers, directors or managing agents of adverse parties. CR 43(b); *McLean v. St. Regis Paper Co.,* 6 Wn. App. 727, 734, 496 P.2d 571 (1972).

Affirmed.

FARRIS, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied March 23, 1978.

Review denied by Supreme Court August 25, 1978.