[No. 5149–1. Division One. June 19, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARENCE LEE BRAXTON, *Appellant.*

490

*Peter Moote*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney*, and *Elsa R. Durham, Deputy*, for respondent.

FARRIS, C.J.—Clarence Lee Braxton and Maurice Lee Glenn were tried by a jury and found guilty of robbery and second–degree rape of a young woman. Braxton was subsequently alleged to be a habitual criminal and was so adjudged by the trial court. He appeals the judgment and sentence asserting that the trial court violated his right to a fair trial by (1) limiting access to the complaining witness' Department of Social and Health Services mental health file, (2) refusing to order a psychiatric examination of the complaining witness, (3) denying a motion for a continuance for the purpose of evaluating information on the complaining witness' mental and emotional condition, (4) restricting reference to the complaining witness' mental problems in the opening statement of defense counsel, (5) permitting the prosecuting attorney to cross–examine the

codefendant regarding his offer to repay the complaining witness, and (6) admitting records of prior convictions that do not include statutory citations to prove habitual criminal status. The remaining assignments of error are not supported by authority nor do they appear to be well taken. *State v. Young,* 89 Wn.2d 613, 574 P.2d 1171 (1978).

The scope of discovery, *Seattle v. Apodaca,* 18 Wn. App. 802, 572 P.2d 732 (1977), the admission of expert opinion evidence, *State v. Murdock,* 18 Wn. App. 294, 567 P.2d 267 (1977), the granting of a continuance, *Seattle v. Apodaca, supra,* the propriety of an opening statement, *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976), and the latitude and extent of cross–examination, *State v. Boyer,* 19 Wn. App. 338, 576 P.2d 902 (1978), are all matters within the discretion of the trial court and will not be disturbed in the absence of a manifest abuse of discretion. We find no such abuse.

Defense counsel moved for discovery of the complaining witness' mental health records alleging that she had a history of suffering from "sexual delusions" which affected her credibility as a witness. Recognizing that unbridled disclosure of the complaining witness' past mental and emotional problems would cause her unnecessary embarrassment, defense counsel proposed that the trial court examine the records in camera and disclose only that information which was relevant to the defense. *See* CrR 4.7(e). This the trial court did. Braxton cannot now complain that the procedure was improper. *See Rao v. Auburn Gen. Hosp.,* 19 Wn. App. 124, 573 P.2d 834 (1978).

The credibility of the complaining witness and the weight to be afforded her testimony are matters for the jury's determination. *State v. Cox,* 17 Wn. App. 896, 566 P.2d 935 (1977). She testified that she voluntarily accompanied Braxton and Glenn to Glenn's house where she expected to meet a friend. When she discovered that the friend was not there, she asked to be taken home. They refused, raped her, and took money and bus tickets from her purse. As soon as she had an opportunity, she escaped

by jumping out the bathroom window and running to a neighbor's house. The neighbors testified that the complaining witness was crying when she burst into their house and told them that two men were trying to kill her. She was wide eyed and frightened; her blouse was torn; her pants zipper was undone; she had no underclothes, and she was carrying her shoes. Glenn followed her, pounded on the door, and yelled, "Give me back my woman." The neighbors locked the door and called the police. A doctor who performed a pelvic examination of the complaining witness later that afternoon testified that she found positive evidence of seminal fluid. Glenn testified that he saw Braxton with his pants down on top of the complaining witness who was naked, and that she was struggling and screaming. A psychiatric examination of the complaining witness was neither required nor warranted under the facts of this case. *Ballard v. Superior Court,* 64 Cal. 2d 159, 175–76, 410 P.2d 838, 849, 49 Cal. Rptr. 302, 313 (1966), the authority upon which Braxton chiefly relies, appears to be in complete accord:

> We submit . . . that a general rule requiring a psychiatric examination of complaining witnesses in every sex case or, as an alternative, in any such case that rests upon the uncorroborated testimony of the complaining witness would, in many instances, not be necessary or appropriate. Moreover, victims of sex crimes might be deterred by such an absolute requirement from disclosing such offenses.
>
> Rather than formulate a fixed rule in this matter we believe that discretion should repose in the trial judge to order a psychiatric examination of the complaining witness in a case involving a sex violation if the defendant presents a compelling reason for such an examination.

In view of the overwhelming evidence corroborating the complaining witness' version of the events, we cannot find that a delay of trial for the purpose of further inquiry into

her mental and emotional condition would have had a "qualitative impact or significant effect upon the ultimate result." *State v. Eller,* 84 Wn.2d 90, 98, 524 P.2d 242 (1974). Defense counsel already had all the relevant information in the complaining witness' mental health file.

■ Defense counsel did not object to the trial court's admonition against commenting on the complaining witness' past mental and emotional problems in the opening statement. In fact, before the warning was given, defense counsel told the court that he did not plan to mention anything about her mental problems. He thus waived the error, if any, by inviting it and by failing to make a timely objection. *State v. Atkinson,* 19 Wn. App. 107, 575 P.2d 240 (1978).

■ Braxton argues that he was prejudiced by the cross–examination of Glenn regarding Glenn's offer to repay the stolen money to the complaining witness. We disagree. The questions complained of did not refer to Braxton; they were not answered and the court instructed the jury to disregard them. It is presumed that the jury followed the court's admonitions. *State v. Kroll, supra.*

■ The final question is whether a judgment and sentence entered upon a conviction of grand larceny in 1968 is inadmissible to support a finding of habitual criminal status where the statute upon which the conviction is based is not cited. Braxton contends that without the statutory citation, it is impossible to determine whether the crime is a felony or a misdemeanor. We disagree. A crime is a felony if it may be punished by more than 1 year's imprisonment. RCW 9A.04.040, formerly RCW 9.01.020. Although the term, grand larceny, is no longer used, it was thus punishable in 1968 and was recognized at that time to be a felony. RCW 9.54.090; *In re Anderson,* 73 Wn.2d 587, 439 P.2d 981 (1968).

494

Affirmed.

JAMES and DORE, JJ., concur.

Reconsideration denied October 17, 1978.

Review denied by Supreme Court February 16, 1979.