[No. 2400–2. Division Two. June 30, 1978.]

DON L. SIMPSON, *Appellant*, v. KELSO SCHOOL DISTRICT No. 403, ET AL, *Respondents*.

*Odine H. Husemoen* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for appellant.

*Steven H. Pond* and *Calbom, Cox, Andrews, Hamm & Pond,* for respondents.

REED, A.C.J.—Plaintiff Don L. Simpson appeals from denial of his suit for a writ of mandamus and damages against defendant Kelso School District. We affirm.

Don Simpson was a junior high school teacher in Kelso from 1966 to 1974. During that time he primarily taught mathematics, although during the 1966 and 1967 school years he also taught one social studies class. In 1974, Simpson requested a leave of absence for the 1974–75 school year. His reasons for requesting the leave were stated in his letter to the school board which reads in part:

> I need this time to further my own education and assess any future value I might have as an educator in the Kelso School District.

His request was granted by the board and he did not sign a contract to teach for the 1974–75 school year.

Pursuant to RCW 28A.58.100, the board had adopted written leave of absence policies. These included sabbatical, professional, maternity, medical and "other" leaves. "Other

leaves" were covered by a provision which read "Any request for leave not covered in the policy will be referred to the Board of Directors for individual action." The trial court found that Simpson's leave was pursuant to the "other leaves" policy. The Kelso School District's policy regarding "other leaves" was that such a leave did not guarantee a teacher a job at the end of the leave. Rather, it entitled the recipient only to first consideration for open positions for which he was equally or better qualified than other applicants.

On January 6, 1975, Simpson wrote to the school superintendent and notified him of his desire to return to work the following year. The letter read:

Dear Sir:

Please be informed it is my intent to return and teach in the Kelso School District for the year 1975–1976.

I would appreciate serious consideration for any high school position for which I am qualified.

Having taught ten consecutive years at Huntington Junior High I feel that a change would be beneficial for all parties concerned.

Respectfully yours,
/s/ Don L. Simpson

Acting on the belief that Simpson was interested only in high school positions and would not consider a junior high school assignment, the district did not consider him for junior high openings.

In March 1975, Simpson met with Kenneth Holmes, the district's personnel officer. At that meeting Holmes reviewed the district's leave policy with Simpson and explained that it involved no job guarantee. Simpson told Holmes that he understood the policy.

On July 15, 1975, Simpson again wrote to the superintendent; this time his letter made it clear that while he preferred a high school position, he also wished to be considered for any junior high openings. By that date there was only one opening left for which Simpson was even arguably qualified. The position was for a seventh and eighth grade social studies teacher. Earlier in the summer,

the district had promised a mathematics vacancy to a Ms. Crosley, who had previously taught English. Although no contract had been signed by July 15, the district considered itself already committed to Ms. Crosley. Simpson was not considered for the mathematics position because there was no opening as far as the district was concerned.

He was, however, considered for the social studies job along with another applicant, Debra Yaden. After consideration of their respective qualifications, the board determined that Ms. Yaden was more qualified to teach social studies than Simpson and offered her the position.

On August 25, 1975, Simpson requested an extension of his leave of absence for an additional year. The school board denied the request because his leave had expired on June 30, his extension request was not timely and there were no foreseeable openings in his area of qualification.

Simpson then brought this suit in Superior Court seeking a writ of mandamus directing the school board to reemploy him and for damages. After a trial to the court, judgment in favor of the district was entered.

█ Simpson urges a number of errors on appeal. First he contends that the trial court erred in rejecting his offers of proof on the interpretation given by other school districts of their own leave policies and of the alleged bias of the Kelso school superintendent toward Kelso Education Association (KEA) members. The trial court rejected the proffered evidence on the ground that it was not relevant. The relevance of admissible evidence is within the sound discretion of the trial court and will not be reversed absent a manifest abuse of discretion. *Haugen v. Minnesota Mining & Mfg. Co.*, 15 Wn. App. 379, 550 P.2d 71 (1976). We find no abuse here. RCW 28A.58.100 permits school districts to adopt leave of absence policies. Certain types of leave are mandatory (*i.e.*, sick leave, sabbatical, emergency) but other types are left to the discretion of individual school districts. Each district is autonomous and free to adopt whatever policy it chooses regarding leaves of absence. Consequently, the policy of another school district

is clearly irrelevant to the interpretation of the Kelso School District's policy.

Plaintiff offered to prove that the actions taken by the district were motivated by bias toward KEA members. He argues that because he was a KEA member and had participated in a teacher strike, this was relevant evidence. There was, however, no indication that Dr. Schmauder, the superintendent, had any knowledge of Simpson's association with KEA or the strike. The trial court did not err in rejecting the offers of proof.

The next assignments of error are challenges to a number of the trial court's findings of fact and the court's refusal to enter plaintiff's proposed findings. We have carefully reviewed the record and are satisfied that the challenged findings are supported by substantial evidence. Thus, they will not be disturbed on appeal. *Rao v. Auburn Gen. Hosp.,* 19 Wn. App. 124, 573 P.2d 834 (1978). A refusal by the trial court to make a proposed finding must be considered a finding against the proposing party. *In re Kruse,* 19 Wn. App. 242, 574 P.2d 744 (1978).

Simpson next contends that the trial court erred as a matter of law in holding that RCW 28A.67.070, the continuing contract law, did not apply to him. We agree with the trial court that the continuing contract law is inapplicable in this case. The statute then in effect provided in part as follows:

> Every board of directors determining that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination . . .
> . . . If any such notification or opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term . . .

Simpson argues that because he was not notified that he would not be rehired until later than April 15, 1975, he was

automatically rehired under RCW 28A.67.070. The continuing contract law was enacted to give presently employed teachers some modicum of job security. *McCollough v. Cashmere School Dist. 222*, 15 Wn. App. 730, 551 P.2d 1046 (1976). The Kelso School District did offer Simpson a contract for the 1974–75 school year but he did not accept it. Instead, he took a leave of absence. From that time, he ceased to be "presently employed." His rights were governed by the leave of absence policy rather than a contract of employment. *Hamann v. Crouch*, 211 Kan. 852, 508 P.2d 968 (1973).

▌ The next issue is whether the district's leave policy was ambiguous and therefore should have been construed in plaintiff's favor. We agree with the trial court that the policy was not ambiguous. Everyone who testified agreed that a leave of absence did not guarantee a job when the leave concluded. It merely entitled the recipient to be given "first consideration for open positions, if any, and be hired for such open positions if equally qualified with, or better qualified than, other applicants." Even if the policy was ambiguous, Simpson indicated in March 1975 that he understood the district's interpretation and did not inform the district he construed it differently. Thus, he must be held to the district's interpretation. *Hamann v. Crouch, supra.*

▌ Plaintiff also claims that the district acted arbitrarily and capriciously when it hired Debra Yaden rather than him for the open social studies position. While opinions may differ on the wisdom of the choice of an inexperienced teacher over someone with many years' teaching experience, we cannot say that the decision was willful or unreasoning. *Lillions v. Gibbs*, 47 Wn.2d 629, 289 P.2d 203 (1955). Simpson had not taught social studies for many years. Ms. Yaden had recent student teaching experience with social studies classes, was familiar with the recent changes in the concept of the social studies curriculum, and had received very high ratings from her student teaching supervisors.

These are sound reasons for finding Ms. Yaden better qualified than Simpson to teach social studies.

Lastly, Simpson contends that the district acted arbitrarily and capriciously in denying his request for an extension of his leave. There is no statutory right to have this type of administrative decision reviewed by a court. The superior court's inherent right to review a nonjudicial action of the school board is limited to actions which are arbitrary or capricious and which violate a fundamental right. *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 511 P.2d 52 (1973); *Lane v. Ocosta School Dist. 172,* 13 Wn. App. 697, 537 P.2d 1052 (1975). No fundamental right to an extension of leave of absence exists. Plaintiff has cited no authority to the contrary.

For the above reasons, the judgment of the Superior Court is affirmed.

PETRIE and SOULE, JJ., concur.

Petition for rehearing denied July 27, 1978.

Review denied by Supreme Court December 14, 1978.