[No. 15679–9–I.   Division One.   March 9, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. OLIVE JOSEPH ESPINOSA, *Appellant.*

86

[REDACTED]

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kathryn Goater* and *Linda Jacke, Deputies,* for respondent.

PEKELIS, J.—Olive Joseph Espinosa appeals his conviction for second degree rape following a jury trial. He alleges the trial court erred in ruling that, pursuant to RCW 70.125.065, King County Rape Relief records of an interview with the victim were not discoverable. We disagree and affirm the trial court.

Espinosa and two others were charged by amended information with first degree rape in violation of RCW 9A.44.040(1)(a) for an incident which occurred on or about May 5, 1984. On June 19, 1984, the defendants filed a motion to compel disclosure of the records of the rape counselor who had interviewed the victim shortly after the rape. The criminal motions judge reviewed the records in camera pursuant to RCW 70.125.065 and denied the motion for disclosure, stating:

> [I]t's overwhelmingly clear that the information from the Crisis Center is such that it would not serve the interest of the defendants in this case or the State to have that made a part of the discovery in this case. In a general sense, the information is basically information already contained within the statement of the witness and the police report, and beyond that has nothing pertinent to the issues in this case. [It] [i]s also on the face of it extremely bare in detail. . . .

The court did allow defense counsel to question the rape counselor regarding the interview with the victim, but only in relation to the specific incident. The jury convicted

Espinosa of the lesser included offense of second degree rape.

After filing his notice of appeal, Espinosa moved to allow his counsel on appeal to be permitted to view the rape crisis center's records. A commissioner denied the motion, and Espinosa then moved to modify the commissioner's ruling. A panel determined that this issue should be consolidated with the hearing on the merits.

Espinosa contends the criminal motions judge erred in ruling that, pursuant to RCW 70.125.065, the records of King County Rape Relief were not discoverable. He argues that because it was possible that the victim's statements to the rape counselor would be inconsistent with statements that she made at trial, and because his defense was that the victim consented to have intercourse with him, it was necessary to look at the notes of the interview in order to effectively cross–examine and possibly impeach the victim.

RCW 70.125.065 provides:

Records maintained by rape crisis centers shall not be made available to any defense attorney as part of discovery in a sexual assault case unless:

(1) A written pretrial motion is made by the defendant to the court stating that the defendant is requesting discovery of the rape crisis center's records;

(2) The written motion is accompanied by an affidavit or affidavits setting forth specifically the reasons why the defendant is requesting discovery of the rape crisis center's records;

(3) The court reviews the rape crisis center's records in camera to determine whether the rape crisis center's records are relevant and whether the probative value of the records is outweighed by the victim's privacy interest in the confidentiality of such records taking into account the further trauma that may be inflicted upon the victim by the disclosure of the records to the defendant; and

(4) The court enters an order stating whether the records or any part of the records are discoverable and setting forth the basis for the court's findings.

The scope of discovery of privileged records is within the discretion of the trial court, subject to review only for

manifest abuse. *State v. Mines,* 35 Wn. App. 932, 938, 671 P.2d 273 (1983) (discovery of medical records under RCW 5.60.060(4)); *Seattle v. Apodaca,* 18 Wn. App. 802, 803, 572 P.2d 732 (1977) (discovery of Seattle Police Department internal investigation files). For the following reasons, we find that the court did not abuse its discretion in refusing to allow discovery of the requested records.

Our examination of the 3–page rape relief report reveals first, that there is very little information in the report, and that nothing therein is inconsistent with any evidence to which Espinosa was given access or with the victim's trial testimony. Second, much of the information was statistical in nature or for internal office use and was totally unrelated to the facts of the case. In short, there was simply nothing in the report which Espinosa could have used to impeach the victim during cross examination. Moreover, Espinosa was able to question the counselor about the interview and apparently had access to the victim's signed statement and the police report. As the trial court noted, the counselor's notes were consistent with both the statement and the report.

Espinosa also urges this court to adopt a rule requiring the trial court under RCW 70.125.065 to balance on the record the probative value of the rape crisis center's records with the victim's privacy interest in the confidentiality of such records. However, *State v. Jackson,* 102 Wn.2d 689, 689 P.2d 76 (1984) and the related cases which he cites as authority are inapplicable. *Jackson* interpreted ER 404(b) as requiring the trial court to balance on the record the probative value of testimony regarding prior bad acts with its inherent prejudice. Requiring the trial court to balance the factors in RCW 70.125.065(3) on the record would defeat the purpose of the statute, since this would require divulging information which is presumptively confidential. Reading such a requirement into subsection 3 would also render superfluous RCW 70.125.065(4) which specifically requires only that the court set forth the basis for its findings in RCW 70.125.065(3), not that it do a full–fledged

balancing. Whenever possible, statutes are construed so that no portion is superfluous. *In re Marriage of Gimlett,* 95 Wn.2d 699, 703, 629 P.2d 450 (1981); *State v. Lodge,* 42 Wn. App. 380, 389, 711 P.2d 1078 (1985).

Espinosa next argues that because the investigating police officer was present during the interview, the victim had no expectation of privacy, and we should determine that she waived her privilege under RCW 70.125.065. He cites *State v. Gibson,* 3 Wn. App. 596, 476 P.2d 727 (1970) (physician–patient privilege under RCW 5.60.060(4)), *review denied,* 78 Wn.2d 996 (1971) and *State v. Wilder,* 12 Wn. App. 296, 529 P.2d 1109 (1974) (husband–wife privilege under RCW 5.60.060(1)) in support of this claim.

In fact, *Gibson* supports the opposite conclusion. The court there stated that it is only the presence of a "casual third person" overhearing the communication between the physician and the patient, with or without the knowledge of the patient, which vitiates the privilege. *Gibson,* at 598. If the third person is there "as a needed and customary participant", confidentiality will be extended and the privilege will be maintained. *Gibson,* at 599 (quoting C. McCormick, *Evidence* § 104 (1954)). The court concluded that the extension of the privilege under RCW 5.60.060(4) to include third persons who are necessarily present is consistent with the legislative purpose of the statute, which is to foster the physician–patient relationship. *Gibson,* at 599. Thus, the court held that a police officer, present for the physician's protection as well as the prisoner's detention, may be deemed an agent of the physician, and the officer's presence does not waive the privilege. *Gibson,* at 599–600.

In the case sub judice, the police officer's presence during the interview was not casual. As even the defendants acknowledged in the affidavit in support of their motion to compel disclosure, it was the rape counselor who was present as an observer during the officer's interview with the victim. The officer was a necessary party to the communication.

*Wilder* is also easily distinguished. There the court

determined that a communication between a husband and wife in a crowded automobile with four adults and several children was not privileged under RCW 5.60.060(1) as there was no indication that the communication was intended to be confidential or that it was successfully confidential. *Wilder,* at 299. In comparison, here it was clearly intended that the communication remain confidential, as is demonstrated by the notation on the police report not to disclose any information contained in the report which would tend to identify the victim.

Moreover, when considering other portions of RCW 70.125, the Victims of Sexual Assault Act, we conclude that there is no merit to Espinosa's claim that the victim waived her privilege. RCW 70.125.060 specifically provides:

> If the victim of a sexual assault so desires, a personal representative[1] of the victim's choice may accompany the victim to the hospital or other health care facility, and to proceedings concerning the alleged assault, including police and prosecution interviews and court proceedings.

Where more than one statute has been enacted by the same legislative authority, and they relate to the same subject matter, the entire sequence of statutes enacted should be considered when placing a judicial construction on any one of the statutes. *State v. Jeffries,* 42 Wn. App. 142, 146, 709 P.2d 819 (1985). Thus, the privilege created by RCW 70.125.065 envisions the presence of other persons when desired by the victim, presumably for solace and support. Just as the presence of a friend would not constitute a waiver of RCW 70.125.065, the necessary presence of a police officer collecting data for the prosecution cannot be deemed a waiver of the privilege.

Finally, we reject Espinosa's contention that his appellate counsel should be permitted to view the rape crisis center's records. To allow such an examination would be inconsistent with the principles previously espoused in this opinion

---

[1] "'Personal representative' means a friend, relative, attorney, or employee or volunteer from a rape crisis center." RCW 70.125.030(3).

and in general would vitiate the privilege of RCW 70.125-.065.

Affirmed.

RINGOLD, A.C.J., and GROSSE, J., concur.