565 So.2d 550 (1990)
Sidney H. WONG, M.D.
v.
GARDEN PARK COMMUNITY HOSPITAL, INC.
No. 07-CA-58994.
Supreme Court of Mississippi.
June 20, 1990.
Rehearing Denied August 8, 1990.
*551 George F. Bloss, III, Michael W. Crosby, Gulfport, for appellant.
Raymond Hunter, Scherry J. LeSieur, William E. Whitfield, III, Bryant Colingo Williams & Clark, Gulfport, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
This appeal is from the Chancery Court of the First Judicial District of Harrison County, Mississippi, Jason H. Floyd, Jr., Presiding, sitting as an appellate court and affirming the action taken by the Appellate Review Committee of Garden Park Community Hospital, Inc., in revoking and terminating the staff privileges of Sidney Wong, M.D. (Wong) pursuant to the bylaws of said hospital. Feeling aggrieved by the judgment of the lower court, Dr. Wong has perfected this appeal, assigning as issues to be addressed:
1. Whether the alleged actions of Dr. Wong constituted conduct for which a physician may be disciplined as a matter of law;
2. Whether a privately owned hospital may establish its own standards concerning physician staff privileges or whether all hospitals in Mississippi operate within the same statutory framework;
3. Whether Dr. Wong had a constitutional right to be represented by counsel at the hospital's administrative hearings;
4. Whether Dr. Wong was afforded due process under the hospital's bylaws;
5. Assuming that Dr. Wong's conduct was punishable, whether the sanctions against him were too severe;
6. Whether Dr. Wong was entitled to supplement the appellate record before the chancery court?
Because the legislature has narrowly confined our scope of review in these types of matters, we only address whether Garden Park complied with its bylaw requirements for due process in Dr. Wong's disciplinary proceedings.

FACTUAL SETTING
This case originates from the annual consideration of physicians for reappointment to staff privileges by the Executive Committee of Garden Park Community Hospital, Inc., of Gulfport, Mississippi (Garden Park). Dr. Sidney Wong is a licensed board certified surgeon who from 1979 to 1984 was a medical staff member of Garden Park. In December, 1984, the executive committee of Garden Park met to discuss medical staff reappointments. In the course of this meeting, they met with Dr. Wong and discussed various allegations concerning his conduct at Garden Park. Among the matters discussed were Dr. Wong's alleged inappropriate admission of a patient, alleged complaints that Dr. Wong had suggested that another patient sue Garden Park, the alleged improper taking of food from the hospital kitchen, the alleged problems which Dr. Wong had in getting along with patients and other physicians, his alleged failure to adequately examine patients, his failure to consult with other physicians, and his alleged failure to cooperate with the hospital administration concerning patient complaints. Based upon these concerns, the committee voted to immediately suspend Wong's privileges pending a complete physical and psychological examination. Wong was notified *552 of these results by certified letter on December 19, 1984.
On December 27, 1984, through his attorney, Wong requested that his suspension be heard by a Judicial Review Committee pursuant to Garden Park's Medical Staff Bylaws. The hearing was set for January 17, 1985. Notice was sent to Dr. Wong on January 11, 1985, and listed the following as issues which would be addressed: (1) the inappropriate admission of a patient; (2) encouragement of a patient to sue Garden Park; (3) unprofessional conduct in advising a patient that he had no sympathy pills to give her; (4) inadequate examination of a patient; (5) unprofessional conduct in removing food from the hospital kitchen; (6) failure to communicate with personnel; and (7) failure to communicate with the hospital administration on patient complaints.
After the hearing, the Judicial Review Committee revoked and terminated all of Dr. Wong's staff privileges with Garden Park. Dr. Wong then sought review by the Appellate Review Committee. That committee found substantial compliance with the hospital's bylaws and affirmed the Judicial Review Committee's decision to revoke Dr. Wong's staff privileges.
On May 2, 1985, Dr. Wong filed a "Complaint for Judicial Appeal" in the Chancery Court for the First Judicial District of Harrison County, Mississippi, pursuant to the provisions of Miss. Code Ann. §§ 73-25-93, 73-25-95, 73-25-83, and 73-25-29 (1972), to secure judicial review of the hospital's decision. Ultimately, the Chancery Court determined that the hospital had complied with its bylaws in revoking Dr. Wong's staff privileges, that Dr. Wong had received due process, and affirmed the Appellate Review Committee's decision.

JUDICIAL REVIEW OF HOSPITAL PRIVILEGE PROCEEDINGS
Garden Park posits that because it is a privately owned hospital, its standards relative to hospital staff privileges for physicians are beyond judicial reproach. Because Garden Park is licensed pursuant to Miss. Code Ann. § 41-9-1 et seq., its argument is unpersuasive. Miss. Code Ann. § 73-25-93(1) (Supp. 1989) states:

Any hospital licensed pursuant to sections 41-9-1 et seq. is authorized to suspend, deny, revoke or limit the hospital privileges of any physician practicing or applying to practice therein, if the governing board of such hospital, after consultation with the medical staff considers such physician to be unqualified because of any of the acts set forth in section 73-25-83; provided, however, that the procedures for such actions shall comply with the hospital and/or medical staff bylaw requirements for due process. (Emphasis added).
The legislature has clearly limited judicial surveillance of hospital disciplinary proceedings to the narrow inquiry of whether the hospital complied with the procedural due process requirements prescribed by its own bylaws. In adopting this narrow scope of review, the legislature has adopted the rationale espoused by the Fifth Circuit Court of Appeals in Truly v. Madison General Hospital, 673 F.2d 763, 765 (5th Cir.1982), cert. denied, 459 U.S. 909, 103 S.Ct. 214, 74 L.Ed.2d 170 (1982), a case involving a public hospital, and imposed this limited review to disciplinary actions arising from "any hospital licensed." In that case, Dr. Truly brought a civil rights suit based, in part, upon the denial of hospital staff privileges at a public hospital. In affirming the judgment in favor of the hospital, that court said, "... Procedural due process must be accorded at administrative hearings concerned with passing on such qualifications ... great latitude must be accorded the hospital's governing authority both in prescribing and in evaluating all such matters." (Emphasis added).
In Lloyd v. Jefferson Davis Memorial Hospital, 345 So.2d 1046, 1048 (Miss. 1977), a case involving a public hospital, we adopted this same limited standard of review. In Lloyd, a physician filed a complaint against Jefferson Davis Memorial Hospital and its Board of Trustees praying that the chancery court affirmatively enjoin the hospital to grant him full membership *553 on its medical staff. After a hearing, the chancery court remanded the case to the Board of Trustees of the hospital for further review and consideration. The Board of Trustees voted six-to-one to deny staff privileges to the physician. The chancellor affirmed this decision and the physician appealed to this Court. In affirming the chancellor's decision, we adopted the reasoning of Sosa v. Board of Managers of Val Verde Memorial Hospital, 437 F.2d 173, 177 (5th Cir.1971). Quoting from that case, we said:

No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. Human lives are at stake, and the governing board must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance. The court is charged with the narrow responsibility of assuring that the qualifications imposed by the Board are reasonably related to the operation of the hospital and fairly administered. In short, so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere.

In a previous action, Dr. Wong filed civil rights claims against Garden Park, the executive director of the hospital, and various members of the medical staff and board of directors. The U.S. Fifth Circuit Court of Appeals, in Wong v. Stripling, 881 F.2d 200 (5th Cir.1989), affirmed the lower court's dismissal of those claims. At page 202, that court addressed our statutory scheme:
Clearly, private hospitals had at common law a right to revoke the staff privileges of physicians for good cause. This legislation simply authorizes action which is already legal, and requires additionally only that the hospital comply with its own bylaws in making staffing decisions. The appeal to the chancery court makes available to the physician a further review of the procedural fairness of the decision. The only question before that court is whether the hospital followed its bylaws. The statutory scheme does not foreclose an independent legal action to determine the propriety of the termination on the facts.
In § 73-25-93, the legislature recognized the authority of a licensed hospital to control and regulate its staff privileges. The statute delineates no distinction between private or public hospitals in that it refers to any licensed hospital. Our legislature has engraved into this statute its view that a licensed hospital's decision to "suspend, deny, revoke or limit" any physician's privileges shall not be subject to judicial review unless the procedures followed violated the licensed hospital's "bylaw requirements for due process."
With the scope of our review so constricted, we are obliged to consider only whether the procedures followed by Garden Park violated its own bylaw provisions for due process.

WERE THE BYLAW REQUIREMENTS FOR DUE PROCESS FOLLOWED?
The record reveals:
(1) On December 13, 1984, the Executive Committee met to discuss Medical Staff Reappointments. Pursuant to Article IX, § 1(D), Dr. Wong appeared before this committee to explain his conduct regarding the following allegations: encouraging a patient to sue Garden Park; inappropriately admitting a patient into the hospital; and, taking food items from the hospital kitchen. Article IX, § 1(D) provides that such an appearance is preliminary in nature and does not constitute a hearing and that none of the procedural rules concerning hearings applies. A certified letter was sent to Dr. Wong on December 19, 1984, informing him of the committee's decision.
(2) Pursuant to Article X, § 2(A) and (B), the action taken by the committee entitled Dr. Wong to all of the rights contained in *554 the Fair Hearing and Appellate Review Procedure. Dr. Wong invoked these rights by requesting a hearing before a judicial review committee. Pursuant to Article X, § 3(A), on January 9, 1985, Garden Park sent Dr. Wong notification that the hearing had been set for January 17, 1985. This correspondence also notified him that in accordance with Article X, § 4(C) and § 9, Dr. Wong's request to be represented by an attorney had been denied. On January 11, 1985, the grounds for his suspension were sent to Dr. Wong.
(3) Pursuant to Article X, § 3(C), a judicial review committee was appointed and the meeting held on January 17, 1985. The transcript of this proceeding shows that Dr. Wong was allowed to question the hospital administrator, Mr. Johnston, at these proceedings. Dr. Wong was allowed to respond to each of the allegations against him and to give his version. Additionally, Dr. Wong introduced tape recordings and documentary evidence for consideration by the committee. After deliberation, the Judicial Review Committee revised the Executive Committee's decision and revoked and terminated all staff privileges of Dr. Sidney Wong. Pursuant to Article X, § 5(C), Dr. Wong was notified of the Judicial Review Committee's decision on February 1, 1985. This letter also advised Dr. Wong of his right to request an appellate review.
(4) On February 12, 1985, Dr. Wong's attorney requested Appellate Review. On February 25, 1985, Dr. Wong was notified that the Appellate Review Board meeting to consider his appeal would convene on March 7, 1985. Pursuant to a request by Dr. Wong, this hearing was reset for March 19, 1985. Dr. Wong submitted a written statement of disagreement on March 15, 1985. Dr. Wong waived his right to appear before the Board via a March 18, 1985 letter. On April 3, 1985, the Appellate Review Board issued its decision upholding the decision of the Judicial Review Committee.
Garden Park's bylaw requirements for due process "kicked in" when Dr. Wong requested that his suspension be heard by a Judicial Review Committee. After a thorough review of the record before us and of Garden Park's bylaws, it appears that because Garden Park complied with its bylaw requirements for due process in accord with Miss. Code Ann. § 73-25-93(1) (Supp. 1989), the chancery court was correct in affirming the action taken by the Appellate Review Committee.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.