EASLEY, Justice,
Dissenting.
¶ 22. I respectfully dissent from the majority’s opinion today. The majority fails to acknowledge that the Hospital failed to abide by its own bylaws. Despite these failures in following its own bylaws, the Hospital was allowed to continue with its case and receive a favorable ruling while Dr. Warnick had to strictly comply with the Hospital bylaws.
¶ 23. Dr. Warnick argued that the Hospital’s failure to follow its bylaws violated her due process rights. That is, Dr. War-nick contends that the Hospital failed to follow its bylaws for notification of her summary suspension. Ray Bane, chief executive officer for the Hospital, hand delivered notice to Dr. Warnick’s office on July 16, 1998. However, Dr. Warnick argues that hand delivering does not meet the requirements of notification by certified mail according to the bylaws. Article X Section 2(A) and (B) governs the notification requirements pursuant to the Hospital’s own bylaws and states:
A. The Chief Executive Officer shall be responsible for giving prompt written notice of an adverse recommendation or decision to any affected member who is entitled to a hearing or to an appellate review, by certified mail, return receipt requested.
B. The failure of a member to request a hearing to which he/she is entitled by these Bylaws within fourteen (14) days of the time of the posting in the United States Mail of said written notice and in the manner herein provided shall be deemed a waiver of his/her right to such hearing and any appellate review to which he/she might otherwise have been entitled on the matter.
(emphasis added). Dr. Warnick argues that she never received notice by certified mail, return receipt requested, as required by the bylaws. Bane hand delivered the letter to her office on July 16, 1998, and the delivery of the letter imposed the summary suspension. The letter stated in part:
As authorized by Article IX (Disciplinary Action), Section 2 (Summary Suspension) of the Medical Staff Bylaws and Rules and Regulations of Natchez Community Hospital, the Executive Committee hereby summarily suspends your clinical privileges of resuscitation of infants effective upon receipt of this letter.
¶ 24. The chancery court found that the delivery of the letter in this manner triggered a fourteen (14) day time period in which Dr. Warnick had a right to request a hearing. Dr. Warnick requested a hearing on July 31, 1998, fifteen (15) days past the date of the letter. The letter was received by the Hospital on August 4,1998 nineteen days after the date of the letter. Therefore, the chancery court found that Dr. Warnick’s waived the hearing process because the request was not given within the fourteen-day time period as required by the bylaws.
¶ 25. Dr. Warnick claims that the chancery court erred by finding that the hand delivery of the letter met the notification requirements. She maintains that the notification as stated in the bylaws required delivery by certified mail and that the chancery court’s ruling was contrary to law which requires a determination that the Hospital followed its own bylaws. Thus, she claims that she did not waive her right to appeal the summary suspension imposed by the Executive Committee. The record and the Hospital’s brief reflect that Hospital acknowledges that it hand delivered the letter on July 16, 1998, and *1025 that the bylaws state that the notification should be made by certified mail, return receipt requested.
¶ 26. The bylaws clearly require that the Hospital’s chief executive officer give prompt written notice of an adverse recommendation or decision to Dr. Warnick by certified mail, return receipt requested. The Hospital failed to provide notice in conformity with its own bylaws. Even the Hospital acknowledged that the letter was not sent certified mail, return receipt requested to Dr. Warnick. The Hospital declined to have a hearing on the matter of the summary suspension because Dr. War-nick did not send a written request within 14 days of receipt of the notice of suspension.
¶ 27. Furthermore, the chancery court even stated in its opinion that the Hospital failed to follow its own bylaws, yet inexplicably found that the Hospital complied with its bylaw requirements. The chancery court erroneously made its own determination without limiting its review to the findings of the Appellate Review Committee. The problem as acknowledged below by the chancery court in this case is that the Committee never made a finding. The chancery court stated:
Dr. Warnick raises two other issues which the Court will address. She suggests that the Appellate Review Committee failed to follow the directives of Article X, Section 6., paragraph F., which requires a finding that: a.) Dr. Warnick was not denied a fair hearing; b.) The decision was not arbitrary or capricious; and, c.) The decision was supported by the evidence.
. It is true that the Appellate Review Committee did not make those specific findings in the record. However, their failure to include those specific findings in the record did not infringe upon the due process rights of Dr. Warnick. Certainly it would be senseless to remand this case back to the Appellate Review Committee simply for them to dictate those findings into the record where the record sufficiently supports those findings,
(emphasis added). Clearly, the Hospital failed to abide by its bylaws. However, the chancellor excused the Hospital for failure to comply with its own bylaws. What is more, the chancery court suggests that it is “senseless” to make the Hospital abide by the bylaws and make a finding.
¶28. The standard of review in this type of proceeding “clearly [limit] judicial surveillance of hospital disciplinary proceedings to the narrow inquiry of whether the hospital complied with the procedural due process requirements prescribed by its own bylaws.” Wong v. Garden Park Cmty. Hosp., Inc., 565 So.2d 550, 551 (Miss.1990). The hospital and/or medical staff must abide by the bylaws for due process. See Miss.Code Ann. § 73-25-98.
¶ 29. The record reflects that the chancery court exceeded its limited scope of review in this case by determining that the record supports the findings. There were no findings to such a judgment. The chancery court cannot weigh the sufficiency of the evidence. Judicial review is clearly limited to whether the Hospital complied with the procedural due process requirements in its bylaws.
¶30. Finally, there are a number of troublesome issues raised by Dr. Warnick on appeal in regard to other alleged due process requirements that the majority has elected not to address.
¶31. For the above reasons, I must respectfully dissent from the majority opinion. I would reverse and render the judgment of the Chancery Court of Adams County.