[No. 41623.    En Banc.    October 22, 1970.]

THE STATE OF WASHINGTON, *on the Relation of Woodrow A. Wallen et al., Respondents,* v. JUDGE NOE *et al., Appellants.*\*

*A. L. Newbould* and *J. Roger Nowell,* for appellants.

\*Reported in 475 P.2d 787.

*Woodrow A. Wallen,* pro se.

*John M. Darrah,* for respondent The Defender Association.

McGOVERN, J.—This is an appeal from an order of the King County Superior Court which held unconstitutional, and therefore enjoined the enforcement of, Justice Court Traffic Rules (JTR) T2.03, T2.06(b)(2) and the Seattle Traffic Code sections 21.06.280 and 21.06.320. These provisions generally authorize the creation of traffic violations bureaus and uniform traffic bail schedules to assist the municipal courts in the administrative matters relating to traffic law violations. The trial court declared unconstitutional the implicit requirement in these sections that bail be deposited before a charged and released traffic law offender can secure a trial date from the City of Seattle Traffic Violations Bureau.

January 17, 1970, respondent Wallen was issued a traffic citation which alleged that he had violated a traffic law of the city of Seattle. He was charged with blocking traffic, contrary to Seattle ordinance 91910, section 21.32.110. At the time of his arrest, Mr. Wallen signed the uniform complaint and citation form presented to him by the arresting officer, and, thus, promised to appear before the traffic violations bureau or the Seattle Municipal Court within the next succeeding 7 days. Accordingly, Mr. Wallen appeared at the traffic violations bureau within the appointed period of time, stated that he wished to contest the charge, and requested a trial date. Acting under the authority of Seattle Traffic Code section 21.06.280 and JTR T2.06(b)(2), the bureau refused to grant Mr. Wallen a trial date until such time as he posted bail in an amount designated for the offense of blocking traffic. Mr. Wallen declined to post bail.

Respondent Wallen then petitioned the superior court for relief and on April 24, 1970, that court declared the above cited provisions to be unconstitutional "insofar as they operate to require a person cited for a traffic offense and released by a peace officer to post a sum of money prior to

obtaining a trial date . . ." The court further ordered that Mr. Wallen be issued a trial date.

Notice of appeal was filed on April 27, 1970, but appellants made no effort to comply with the trial court's orders or to seek an extension or modification of the original judgment. Consequently, on June 22, 1970, the trial court held the appellants in contempt of court. We granted a stay of further proceedings pending the appeal.

Appellants' assignments of error and supporting argument are twofold. First, they contend that the effect of the trial court's ruling completely abrogates the citation and bail forfeiture system currently employed by the city of Seattle. They suggest that the impairment of the procedure at question in this case will inundate the municipal courts with unnecessary litigation and will deprive cited motorists of a convenient method of clearing the charges without a needless court appearance. Secondly, they maintain that the constitutional rights of the respondent were actually accommodated by requiring the deposit of bail prior to the issuance of a trial date in that pretrial liberty was secured in lieu of confinement. We find neither line of reasoning persuasive.

■ Although ordinances regularly enacted enjoy a presumption of constitutionality, *Ace Fireworks Co. v. Tacoma,* 76 Wn.2d 207, 455 P.2d 935 (1969); *Seattle v. Drew,* 70 Wn.2d 405, 423 P.2d 522 (1967), that presumption is overcome when the ordinance in question patently and unreasonably infringes upon rights guaranteed by our constitution.

Article 1, section 22 (amendment 10) of our constitution reads in part: "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial. . . . In no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed."

■ The conflict between the constitutional assurance of a speedy trial and the procedures effected under the authority of Seattle Traffic Code section 21.06.320(2) and JTR T2.06(b)(2) in requiring a monetary deposit before receiv-

ing a trial date is obvious. The code and rule provisions which violate the constitutional mandate are as follows:

21.06.320 Traffic violations bureau—Duties. The duties of the Traffic Violations Bureau shall be as follows:

. . .

2. It shall accept designated bail from and issue receipts to all persons who must or wish to be heard in court . . .

Rule T2.06 Traffic Violations Bureau—Procedure.

. . .

(2) *Authority to accept bail.* The court may by its order authorize the traffic violations bureau to receive the deposit of bail for appearance in court for specified offenses under a bail schedule issued under rule T2.03. The traffic violations bureau, upon accepting the prescribed bail, shall issue (a) a receipt to the alleged violator, and (b) a notice of trial date . . .

■ Appellants seek to justify this pretrial deposit as "bail", a normal incident within the criminal arrest, arraignment, charge and trial procedure and a right guaranteed by both article 1, section 20 of our constitution and RCW 10.19.010. They, therefore, misconceive the function of bail in a criminal proceeding. Its true purpose is to free the defendant from imprisonment and to secure his presence before court at an appointed time. It serves to recognize and honor the presumption under law that an accused is innocent until proven guilty. It is a constitutional right available to an accused at the option of the accused. It is not, and cannot be, a weapon within the arsenal of the government that is used to deprive the accused of his constitutional right to a speedy trial.

When an accused requests a trial to contest the charge against him, he is unconditionally entitled to that trial. And that is so whether he has been charged by uniform traffic citation complaint or otherwise and whether he has posted bail or not.

When an accused is issued a citation in lieu of arrest, usually he is contemporaneously granted a 7-day personal recognizance. Upon the termination of that 7-day period, if the accused has failed to post bail, he is no longer at liberty

on his personal recognizance. It is then that the usual procedures relating to warrants of arrest, booking, bail, arraignment and trial may be put into effect.

We conclude that such part of the trial court's order which holds that the

> Justice Court Traffic Rules T2.03, T2.06(b)(2) and Seattle Code Chapters 21.06.280, 21.06.320 are unconstitutional beyond a reasonable doubt insofar as they operate to require a person cited for a traffic offense and released by a peace officer to post a sum of money prior to obtaining a trial date for that offense . . .

and that the

> defendants are permanently enjoined from requiring a person cited for a traffic offense and released by a peace officer to post a sum of money prior to obtaining a trial date for that offense . . .

should be, and is, affirmed.

■ Insofar as the judgment of the trial court requires Mr. Wallen to hereafter stand trial on the charge of blocking traffic, we reverse. Following the dictates of JTR T2.02(b)(3), Mr. Wallen appeared at the city of Seattle "traffic violations bureau" as he promised to do when he signed the uniform citation and complaint at the scene of arrest. That was within 7 days of January 17, 1970. He thereupon asked for a trial and the city refused his request. Approximately 5 months later, June 22, when the trial court issued its contempt of court order against the appellants, Mr. Wallen was still being denied his right to a speedy trial. The record indicates that the denial by the city of Seattle was deliberate, unreasonable, unnecessary, arbitrary and over the objection of the accused. The facts lead us to conclude that Mr. Wallen's right "to have a speedy public trial . . ." was denied, contrary to Const. art. 1, § 22 (amendment 10). *See State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965). The charge against him is therefore ordered dismissed.

■ Although this court was advised that the trial court had issued an order finding the appellants in contempt of court for failing to respond to that court's order of June 22,

1970, no written judgment of contempt was ever issued. That being so, the judgment of contempt did not become operative. *Cinebar Coal & Coke Co. v. Robinson,* 1 Wn.2d 620, 97 P.2d 128 (1939); *Canzler v. Mammoliti,* 40 Wn.2d 631, 245 P.2d 215 (1952). On this appeal, neither the respondents nor the appellants have made an issue of the alleged oral judgment of contempt. For those reasons such oral order as may have adjudged the appellants in contempt of court is vacated and held for naught.

We do not reach nor pass upon the legality of a traffic bail procedure which fails to grant an accused the opportunity to be heard on the question of the adequacy of bail when that accused requests such a hearing.

It is so ordered.

ALL CONCUR.