[No. 169-3.   Division Three.   May 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL EDWARD GOODWIN, *Appellant*.

*Richard Cease,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy C. Kinnie, Deputy,* for respondent.

MUNSON, C.J.—Defendant, Paul Edward Goodwin, appeals a second-degree arson conviction for setting fire to a garage located on premises occupied by his former wife. The facts surrounding the commission of the alleged arson are not material to the determination of this appeal.

The numerous assignments of error and corresponding argument may be divided into two general categories: (1) infringement of defendant's right to due process; and (2) error relative to the admission of testimony by defendant's former wife. We find no error.

### INFRINGEMENT OF RIGHT TO DUE PROCESS

Defendant argues (a) he was improperly denied a preliminary hearing to determine the sufficiency of the state's evidence; (b) the trial court should have released him upon his oral recognizance so that he could find a missing material witness; (c) the bail established—$15,000, subsequently reduced to $1,500—was unreasonable since it did not take into account his dangerousness or his economic circumstances; and (d) he was unlawfully held for more than 50 days following his arrest before counsel was appointed and that more than 100 days elapsed before trial was held.

The case of *State v. Canady,* 69 Wn.2d 886, 421 P.2d 347 (1966) answers defendant's first argument. Defendant's second contention is vitiated by his failure to introduce evidence concerning what was to be established through the testimony of his "missing witness" during either his own testimony or any portion of his defense. *Cf.*

*Fitts v. United States,* 335 F.2d 1021 (10th Cir. 1964). Furthermore, defendant does not have an absolute right to be released on his oral recognizance prior to trial. *Reeves v. State,* 411 P.2d 212 (Alaska 1966); *cf. State ex rel. Wallen v. Noe,* 78 Wn.2d 484, 475 P.2d 787 (1970). The third contention goes to the trial court's discretion in establishing the amount of bail. Our review of the instant record does not reveal any abuse thereof which would warrant our consideration of this argument. *People v. Bryant,* 5 Cal. App. 3d 563, 85 Cal. Rptr. 388 (1970); *cf. State v. Jackschitz,* 76 Wash. 253, 136 P. 132 (1913); *State v. Montague,* 73 Wn.2d 381, 438 P.2d 571 (1968). As for defendant's fourth contention, the initial 50-day period was caused, in part, by defendant's desire to personally retain counsel and his inability to do so. Subsequently, the court appointed one for him. Ten days later he was arraigned and 40 days thereafter brought to trial. We find no merit in this assignment of error.

### TESTIMONY OF DEFENDANT'S FORMER WIFE

Defendant contends (a) the prosecutor should have brought charges against his former wife for perjury allegedly committed in a justice court of Spokane County and if the prosecutor had brought such charges, defendant could have used them to cast suspicion upon her credibility at the time of trial; (b) he was not notified of a final divorce decree and, therefore, his former wife's testimony was within the privileged communication prohibition concomitant with the marital state; (c) the trial court erred in allowing the state to introduce evidence that on previous occasions defendant had ripped the clothes from his former wife's body, assaulted her, and set fire to various dwellings she inhabited, in order to show the requisite element of malice for second-degree arson; and (d) the trial court should have allowed his counsel to cross-examine his former wife as to alleged welfare fraud although she had not been charged with, or convicted of, same in order to destroy her credibility in the eyes of the jury.

■ All of the foregoing contentions are not supported by probative authority, appear to be meritless on their face and will not be considered. *State v. Rutherford,* 66 Wn.2d 851, 405 P.2d 719 (1965).

Defendant has filed a pro se brief in addition to the brief of his counsel. We have examined this brief and find the assignments of error alleged therein identical in import with those of his counsel already discussed.

Judgment affirmed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied June 7, 1971.

Review denied by Supreme Court July 23, 1971.