THE STATE OF WASHINGTON, *Respondent*, v. GARY JOSEPH ALEXANDER, *Appellant.*

*Frank L. Sullivan,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Oswald, Deputy,* for respondent.

FARRIS, J.—Gary Joseph Alexander appeals from the trial court's declaration that he is an habitual criminal as defined by RCW 9.92.090. The statute provides:

> Every person convicted in this state . . . of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, . . . shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

> Every person convicted in this state . . . of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, . . . shall be punished by imprisonment in the state penitentiary for life.

The appeal questions the findings of the trial court that Alexander had six prior felony convictions.

Alexander first argues that the trial court improperly considered two convictions which were on appeal to the Washington State Court of Appeals at the time of the habitual criminal proceedings.

> That on or about the 18th day of May, 1972, the defendant was convicted in the Superior Court of the state of Washington of the crime of grand larceny; this case was on appeal at the time of the habitual criminal hearing.

Finding of fact No. 5.

> That on or about the 15th day of May, 1972, the defendant was convicted in the Superior Court of the state of Washington of the crime of violation of the Uniform Controlled Substances Act, Counts I through V; this case was on appeal at the time of the habitual criminal hearing.

Finding of fact No. 6.

■ Where an appeal has been taken, the defendant cannot, pending the determination of the appeal proceedings, be considered as having been convicted within the meaning of the habitual criminal statute. *State v. Zounick*, 133 Wash. 638, 640, 234 P. 659 (1925); Annot., 5 A.L.R.2d

1080, 1092 (1949). It was improper to consider convictions which were then on appeal.

Alexander next argues that the trial court erred in admitting into evidence his stipulation to a prior conviction and his testimony to prior convictions upon cross-examination, both given at the grand larceny trial which preceded this habitual criminal prosecution.

In general, testimony given by a defendant in a previous judicial proceeding without invoking his privilege against self-incrimination may be used against him in a subsequent prosecution. Annot., 5 A.L.R.2d 1404 (1949). In an habitual criminal proceeding, *State v. Bailey*, 71 Wn.2d 191, 426 P.2d 988 (1967), the trial court permitted a court reporter to read from his notes the defendant's testimony at a previous robbery trial in which the defendant had admitted prior convictions. The Supreme Court held:

> Clearly appellant waived his right against self incrimination by voluntarily testifying at the robbery trial. Appellant was not forced to testify at the habitual criminal trial. Testimony by another at the later trial concerning appellant's admissions while a witness is admissible. They are as reliable, indeed more reliable, than most admissions because given in a judicial proceeding where all constitutional safeguards may be asserted.

*State v. Bailey, supra* at 196.

In the present case, Alexander similarly waived his privilege against self-incrimination through his stipulation and testimony at the previous grand larceny trial.[1] The trial court properly considered the stipulation and cross-examination.

Third, Alexander argues that the record of his alleged conviction of robbery in Maricopa County, Arizona, was not properly authenticated. The trial court found:

> That on or about the 5th day of April, 1961, the de-

---

[1]*But see Wright v. Craven*, 325 F. Supp. 1253 (N.D. Cal. 1971). In *Wright*, however, the defendant's lack of knowledge was a critical element; waiver must be knowing. Here the trial court found that Alexander was aware of the possibility of an habitual criminal prosecution when he signed the stipulation.

fendant was convicted in the Superior Court of Maricopa County, state of Arizona, of the crime of robbery.

Finding of fact No. 4.

The controlling statute, RCW 5.44.010, provides that:

The records and proceedings of any court of the United States, or any state or territory, shall be admissible in evidence in all cases in this state when duly authenticated by the attestation of the clerk, prothonotary or other officer having charge of the records of such court, with the seal of such court annexed.

The state introduced a photocopy of the judgment and sentence from Alexander's Maricopa County robbery trial. This record was authenticated by Wilson D. Palmer, clerk of the Superior Court of Maricopa County, Arizona, and that court's seal was annexed. The requirements of RCW 5.44.010 were therefore met. The robbery conviction was properly authenticated.

Fourth, Alexander argues that the trial court erred in considering his alleged conviction of auto theft related offenses in Dade County, Florida, since the judgments and sentences for these offenses do not indicate that he was represented by counsel. The trial court found:

That on or about the 29th day of August, 1958, the defendant, Gary Joseph Alexander, was convicted in the Criminal Court of record of Dade County, state of Florida, of the crimes of taking a motor vehicle of another without authority, Counts I through III.

Finding of fact No. 1.

■ A person may not be tried in a state court for a felony without counsel or effective waiver of counsel. *Gideon v. Wainright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963). Waiver of counsel may not be presumed from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962). In *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), the defendant had been charged in a single proceeding pursuant to the Texas habitual criminal statute with a new felony, as well as with prior convictions of four other felo-

nies. A certified copy of one of the alleged prior convictions indicated that the defendant had not been represented by counsel; there was no indication that counsel had been waived. The Supreme Court held that the prior conviction was presumptively infirm as an abridgment of the right to counsel. *Burgett v. Texas, supra* at 115.

However, the present case includes a critical difference from *Burgett.* Here the record includes copies of the file jackets from the Florida convictions certified by the clerk of the criminal court of record, Dade County, Florida, with seal annexed. The file jackets list as counsel for the defense one Arthur Maginnis. Though the judgments and sentences do not contain any indication that Alexander was represented by counsel, properly certified file jackets are sufficient proof of such representation. The trial court properly considered the Florida convictions.

■ Finally, Alexander argues that no proper testimony was introduced to prove his identity with the person named in the various exhibits offered by the state and admitted into evidence. However, the identity of Alexander's name with that of the person named in the state's exhibits was prima facie evidence of identity of person. *State v. Le Pitre,* 54 Wash. 166, 169, 103 P. 27 (1909). The record does not reflect that evidence was presented to rebut the resultant presumption of identity.

■ The trial court's findings of fact Nos. 1 to 4, which indicate that Alexander was convicted of four separate offenses which would be felonies under the laws of Washington, were therefore proper. These findings would satisfy the requirements of RCW 9.92.090, and thereby support the conclusion that Alexander has an habitual criminal status. However, the state has the discretion, absent a showing of arbitrary or capricious action or of a willful intention to discriminate, to bring an action under the statute in some cases, while refusing to do so in others. *Frye v. Delmore,* 47 Wn.2d 605, 288 P.2d 850 (1955); *State v. West,* 197 Wash. 595, 603, 86 P.2d 192, *cert. denied,* 306 U.S. 660, 83 L. Ed. 1057, 59 S. Ct. 791 (1939); *State v. Nixon,* 10 Wn. App. 355,

360, 517 P.2d 212 (1973). In the face of such broad discretion in the state, we cannot consider the trial court's error in considering two convictions which were then on appeal to have been harmless.

Reversed.

WILLIAMS and CALLOW, JJ., concur.

[No. 2121-1.    Division One.    April 15, 1974.]