[No. 1588-3.    Division Three.    June 10, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN REESE, *Appellant*.

*James S. Hogan,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Catherine Campbell, Deputy,* for respondent.

McINTURFF, C.J.—John Reese appeals from a conviction of second-degree assault while armed with a deadly weapon, and accepting the earnings of a prostitute. We affirm.

Following the arrest of Mr. Reese in Yakima County, pretrial bail was set at $10,000. Trial was had in Yakima County Superior Court, wherein Mr. Reese was found guilty as charged. Shortly before his Yakima conviction, a Spokane conviction of abduction for purposes of prostitution was affirmed by this court and review denied by the Washington State Supreme Court.[1] Sentence pursuant to the Spokane conviction was for a period not to exceed 10

[1]*State v. Reese,* 12 Wn. App. 407, 529 P.2d 1119 (1974), *review denied,* 85 Wn.2d 1005 (1975).

years, with immediate remand to custody. It is not alleged nor does the record show that further appeal was taken from that conviction.

Mr. Reese's first contention concerns his assault conviction and the refusal by the court to reduce the amount of his pretrial bail. It is argued that denial of the motions for reduction of pretrial bail denied Mr. Reese an opportunity to assist in his own defense, and constituted a failure by the court to honor the presumption of his innocence.

Imposition of pretrial bail is proper when determined to be necessary to insure court appearance of the accused.[2] Both judges hearing the motions for bail reduction found upon substantial evidence that a bond of $10,000 was necessary to insure the appearance of Mr. Reese. No error having been assigned to this finding, it becomes established fact on appeal.[3]

Having found that bail was necessary, the amount was a matter within court discretion to be reversed on appeal only for manifest abuse.[4] The record discloses no abuse of discretion. Mr. Reese had a prior similar conviction, was evasive to the court about his permanent address, variously represented himself to be a farmer and then a jewel salesman, and was charged with two felonies. In view of these facts, the trial court committed no error in refusing to reduce pretrial bail.

We next turn to two assignments of error which allegedly occurred during trial. Mr. Reese first assigns error to refusal by the court of his proposed jury instruction No. 1, arguing that the court's failure to give the instruction denied Mr. Reese the full force of effective argument to the jury. However, Mr. Reese has failed to set forth in his brief the proposed instruction to which error is assigned, thus barring review.[5] In any event, we believe the court's instruction No. 1 is sufficient to allow Mr. Reese to argue his

[2] CrR 3.2(a)(5); *State v. Smith*, 84 Wn.2d 498, 505, 527 P.2d 674 (1974).

[3] CAROA 43.

[4] *State v. Goodwin*, 4 Wn. App. 949, 951, 484 P.2d 1155 (1971).

[5] CAROA 42(g)(1)(iii); CAROA 43.

theory of the case to the jury. The court's instruction No. 1 provides in pertinent part:

> In determining what credit is to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner and appearance while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence, and any other factors that bear on *believability and weight.*

(Italics ours.) The instruction given leaves Mr. Reese with ample room to argue the inconsistency of prior statements made by the complaining witness, making his claim of error ill-founded.

■ Mr. Reese next argues that his Yakima conviction cannot rest solely upon the uncorroborated testimony of an accomplice. However, a conviction can rest solely upon the uncorroborated testimony of an accomplice when the jury is cautioned on the inherent unreliability of such testimony.[6] Though the jury was not so cautioned in the present case, no such cautionary instruction was submitted as required by CR 51. Having failed to request such an instruction, Mr. Reese cannot complain of its omission.[7] If such a cautionary instruction was in fact offered by Mr. Reese, the record shows that no exception was taken to its refusal by the court, again barring review.[8]

■ We now turn to the final assignment of error which relates to a post-trial matter. Mr. Reese contends the court erred in denying him bail pending appeal, citing CrR 3.2(b). However, release on bail pending appeal from the

---

[6] *State v. Carothers,* 84 Wn.2d 256, 269, 525 P.2d 731 (1974); *State v. Johnson,* 77 Wn.2d 423, 439, 462 P.2d 933 (1969); *State v. Badda,* 63 Wn.2d 176, 181, 385 P.2d 859 (1963); *State v. Lowenthal,* 183 Wash. 14, 19, 48 P.2d 909 (1935).

[7] *State v. O'Connell,* 83 Wn.2d 797, 819, 523 P.2d 872 (1974); *McGarvey v. Seattle,* 62 Wn.2d 524, 532, 384 P.2d 127 (1963); *Bean v. Stephens,* 13 Wn. App. 364, 367, 534 P.2d 1047 (1975).

[8] CR 51(f); *Moore v. Mayfair Tavern, Inc.,* 75 Wn.2d 401, 406-07, 451 P.2d 669 (1969). *See State v. Badda,* 63 Wn.2d 176, 181, 183, 385 P.2d 859 (1963), for an indication that the failure to give a cautionary instruction on the inherent unreliability of accomplice testimony does not, by itself, necessarily constitute reversible error.

Yakima conviction was a moot question derived from a nonexistent right. Mr. Reese had been ordered confined under final judgment and sentence in his prior Spokane conviction shortly before his Yakima conviction. Absent specific statutory authorization, Mr. Reese had no right to release on bail or bond from prison.[9]

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

---

[9]*January v. Porter*, 75 Wn.2d 768, 453 P.2d 876 (1969); *Ogden v. Klundt*, 15 Wn. App. 475, 550 P.2d 36 (1976).