[No. 45583. En Banc. October 4, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. ROGER LEASK BRAITHWAITE, *Petitioner.*

*Richard A. Hansen* and *John G. Ziegler* of *Seattle–King County Public Defender,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

ROSELLINI, J.—We have before us two questions. The first is: Where the State has appealed a superior court finding that the defendant did not have the status of a habitual criminal under RCW 9.92.090, and that finding has been reversed by a court of appeals, is a remand forbidden under the double jeopardy provisions of the state and federal constitutions (Const. art. 1, § 9; U.S. Const. amend. 5)?

■ Those constitutional provisions protect an individual against repeated trials for the same "offense." A determination that one is a habitual criminal does not involve a finding that he is guilty of an offense but only a finding that he has previously been convicted of certain offenses. That finding is usually, if not invariably, based upon judicial records and establishes a status, not an offense. *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963), *appeal dismissed,* 376 U.S. 187 (1964). We have held that one charged with being a habitual criminal is not thereby charged with a substantive crime but merely with having a *status,* which, if proven, calls for increased punishment for the latest crime of which the accused has been convicted. *In re Towne,* 14 Wn.2d 633, 129 P.2d 230 (1942). We said in that case that the habitual criminal charge is related to the conviction for a prior substantive crime to the extent that the sentence for that crime is mandatorily made more severe, and that a judgment of conviction *of the crime* of being a habitual criminal, and a sentence based on such judgment, are void.

It is therefore apparent that this is not the kind of proceeding affected by double jeopardy provisions. We so held in *State v. Gilcrist,* 91 Wn.2d 603, 590 P.2d 809 (1979), where we said that habitual criminal proceedings do not place a defendant in jeopardy.

Furthermore, the facts with respect to the prior convictions were a matter of record and were not in dispute. The Superior Court, relying on *State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970), and *State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), held that one of the prior convictions could not be considered because the punishment was suspended by the court. This was a conclusion of law, which was reversed by the Court of Appeals, Division One (*State v. Braithwaite,* 18 Wn. App. 767, 572 P.2d 725 (1977)). The case was remanded for "reinstatement of the habitual criminal proceedings."

The second question before us concerns the correctness of the Court of Appeals decision that a suspended sentence which has not been revoked should be considered a conviction for purposes of the habitual criminal statute.

The record shows that in 1961 Braithwaite was convicted of the crimes of second–degree burglary and first–degree forgery, both felonies. A prison sentence was imposed, but execution thereof was suspended upon certain terms and conditions. In 1970 Braithwaite was convicted of two counts of robbery, a felony, and given a sentence which was not suspended. In 1976 he was convicted of another felony and was charged by supplemental information with being a habitual criminal.

RCW 9.92.090 provides that every person convicted in this state of any crime set forth therein, who shall previously have been convicted of a felony, or twice convicted of certain crimes, shall be adjudged to be a habitual criminal.

The question is: Where a sentence has been suspended, has the defendant been "convicted" of a crime within the meaning of RCW 9.92.090?

The statute authorizing suspended sentences, RCW 9.92-.060, reads in part:

> Whenever any person shall be convicted of any crime [exceptions omitted], the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended . . .

RCW 9.92.062 provides for the setting of a termination date for the suspended sentence, which date shall be no later than the time the original sentence would have elapsed. RCW 9.92.066 provides:

> Upon termination of any suspended sentence under RCW 9.92.060 or 9.95.210, such person may apply to the court for restoration of his civil rights. Thereupon the court may in its discretion enter an order directing that such defendant shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.

These statutes, then, provide for the suspending of a sentence when an accused has been convicted. They provide for the restoration of civil rights, upon application being made to the court, and thereafter for release from penalties and disabilities resulting from the conviction. But they do not provide for vacation of the conviction.

RCW 9.95.200 gives the court power to grant probation after conviction by plea or verdict of guilty of any crime. RCW 9.95.210 authorizes the court to suspend the imposition or execution of sentence at the time it grants probation, and to impose conditions on the probation. RCW 9.95.220 provides that the court may revoke probation if there is a violation, and may revoke the suspension of judgment if judgment has previously been pronounced. If it has not, the statute authorizes the pronouncement of judgment and the imposition and execution of sentence.

In RCW 9.95.240, dismissal of the information or indictment is authorized, in the discretion of the court, upon proper application made by a defendant who has fulfilled the conditions of his probation, and for his release from all penalties and disabilities resulting from the offense or crime of which he was convicted. A proviso states:

> That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and

proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

■ It will be seen that these statutes all speak in terms of actions to be taken *after conviction,* and where it is provided that an indictment or information may be dismissed, the effect of the conviction is preserved as to any subsequent prosecution for any other offense. When it is observed that the habitual criminal statute makes prior convictions the basis for the determination of this status, it is obvious that the legislature did not intend that a defendant who has escaped punishment for an offense of which he has been convicted should also escape the impact of that conviction when he is brought before the court upon a charge of being a habitual criminal. Such a proceeding occurs in a "subsequent prosecution . . . for [another] offense" and falls within the words of the proviso to RCW 9.95.240.

It is true that some courts have construed habitual criminal statutes to require proof of punishment as well as conviction. *See* Annot., 5 A.L.R.2d 1080 (1949), *What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense.* In this state, two decisions in the Court of Appeals, Division Two, *State v. Mitchell, supra,* and *State v. Ashker, supra,* have approved the rule adopted by those courts which hold that the word "conviction", as used in habitual criminal statutes, means "conviction and punishment."

We note that in neither of these cases did the court examine the relevant statutes in an effort to ascertain the legislative intent in the matter, but relied upon a presumed legislative intent derived from the case of *State v. Jones,* 138 Wash. 110, 244 P. 395 (1926), where this court held that it was not within the intent of the legislature to include contemporaneous crimes among those to be considered in a habitual criminal proceeding. The statute under consideration in that case, Rem. Comp. Stat. § 2286, provided that every person who had twice been convicted

should be adjudged a habitual criminal. It was necessary to construe the statute in the light of its purpose in order to determine whether contemporaneous offenses were included. Noting that the court had previously stated that such statutes are passed in the hope of rehabilitation, this court decided that it must not have been intended that the increased punishment should be imposed before an opportunity for reformation had been given.

We have no quarrel with that reasoning. That the court correctly discerned the legislative intent upon the question before it is evident. The present statute expressly requires that the convictions to be considered should be previous in time to the offense for which they are to afford a basis for increased punishment. We do think that the Court of Appeals in the cited cases has made an unwarranted extension of the *Jones* reasoning when it has concluded that there must have been punishment by way of confinement in order for the defendant to have had an opportunity for reformation. We rejected that notion in *Hokama v. Johnson,* 89 Wn.2d 580, 574 P.2d 379 (1978), where we held that a finding of guilt, with or without sentencing, is a "previous conviction" for the purposes of the enhanced punishment provisions of RCW 9.95.040(2), relating to crimes in which the accused was armed with a deadly weapon. A sufficient opportunity for reformation is provided, we said, by a deferred or suspended sentence.

The Court of Appeals, Division One, on the other hand, has taken issue with the rationale of the Division Two cases, pointing out the distinction between a conviction (a finding of guilt) and its consequences (the sentence). *State v. Carlyle,* 19 Wn. App. 450, 576 P.2d 408 (1978). That court was careful to give effect to the expressed legislative intent, including the proviso to RCW 9.95.240.

By the use of the words "previously convicted" rather than the words "previously convicted and punished," which it logically would have utilized had its intent been that which is advocated by the respondent, the legislature has made it clear that the factor which it considers important

in habitual criminal proceedings is the previous establishment of guilt of other offenses, not the fact or extent of previous punishment. Under the punishment theory, a convicted person who escaped from custody before sentence was to be imposed and who was not recaptured until the next crime was committed, could successfully maintain that his prior conviction was not a conviction for purposes of the habitual criminal statute. We can hardly assume that the legislature intended such an absurd result.

In the present case the Court of Appeals appears to have concluded that the effect of a suspended sentence under RCW 9.92.060–.066, with respect to subsequent habitual criminal proceedings, is different from that of RCW 9.95-.200–.250. Our reading of these statutes discloses no distinction between them in this respect. In either case the conviction may be considered in such a subsequent proceeding, whether or not the indictment or information has been dismissed pursuant to RCW 9.95.240.

We are mindful of the fact that a conviction should not be counted if it is not final, a principle to which the courts have generally adhered. Had an appeal been taken from the petitioner's 1961 conviction and had the conviction been reversed, there would be no doubt that it could not be considered. The same would be true had an appeal been pending. But here there was no appeal, and the conviction became final at the expiration of the time for appealing. The fact that, had the petitioner successfully completed the conditions of his probation and made proper application to the court, he might have had the indictment or information dismissed, does not alter this fact. Under the statute such dismissal would not have precluded consideration of the conviction in this subsequent habitual criminal proceeding.

*State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970), and *State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), are hereby overruled, insofar as they are in conflict with the ruling in this case.

The decision of the Court of Appeals is affirmed, and the cause is remanded to the Superior Court for King County for the entry of judgment and sentence.

UTTER, C.J., WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and HUNTER, J. Pro Tem., concur.

Reconsideration denied December 14, 1979.