[No. 10003–3–I.   Division One.   January 24, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
CORNELIUS LaBEUR, *Appellant.*

*John Wolfe,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Weppner, Deputy,* for respondent.

SWANSON, J.—LaBeur appeals a judgment and sentence for three counts of first degree robbery with special findings that he was armed with a deadly weapon and was a habitual criminal.

He also seeks relief in two personal restraint petitions from the crimes of forgery and possession of stolen property in the second degree entered in King County cause 79572 on March 31, 1977, and possession of a controlled substance entered in King County cause 49844 on December 9, 1969. The personal restraint petitions have been consolidated with the appeal.

Following a verdict of guilty on three counts of first degree robbery, the State filed a supplemental information alleging LaBeur to be a habitual criminal. The State introduced evidence of: (1) a 1969 conviction in King County cause 49844 for violation of the Uniform Narcotic Drug Act; (2) a second degree burglary conviction in King County cause 73323 in 1975; and, (3) a conviction for forgery and possession of stolen property in the second degree in 1977 in King County cause 79572. Although the second degree burglary conviction was ruled to be inadmissible, the 1969 and 1977 convictions were admitted to establish the habitual criminal finding.

LaBeur contended at the habitual criminal proceeding that the convictions in causes 49844 (the 1969 narcotics conviction) and 79572 (the 1977 conviction for forgery and possession of stolen property) were inadmissible because he had filed handwritten personal restraint petitions contending in part that he did not knowingly and intelligently

waive his right to appeal. He relied upon *State v. Alexander,* 10 Wn. App. 942, 521 P.2d 57 (1974), where the court held that a conviction which was on appeal was not final and could not be used as a basis for a habitual criminal proceeding. The trial court rejected this argument finding *Alexander* to be distinguishable because LaBeur was collaterally attacking the convictions by way of a personal restraint petition and was not appealing.

■ In *State v. Alexander, supra* at 943, the court held:

Where an appeal has been taken, the defendant cannot, pending the determination of the appeal proceedings, be considered as having been convicted within the meaning of the habitual criminal statute.

*Accord, State v. Braithwaite,* 92 Wn.2d 624, 630, 600 P.2d 1260 (1979). LaBeur contends that *State v. Alexander, supra,* should be expanded to prohibit the use of convictions which are being challenged in a personal restraint petition. He has cited no case to support this contention. In *Sutton v. State,* 519 S.W.2d 422, 425 (Tex. Crim. App. 1975), the court rejected a similar contention, stating:

In the event, as contended by appellant, that a post–conviction petition for the writ of habeas corpus was pending in the federal district court at the time of the instant trial attacking the . . . judgment, the federal court had not acted upon the petition. Until that court acted, or until it was shown that the . . . conviction was void, the said conviction remained a final judgment usable for enhancement [purposes] . . .

We find this reasoning persuasive. Until relief is granted in the personal restraint petition which is a collateral attack in a civil proceeding, *In re Hagler,* 97 Wn.2d 818, 650 P.2d 1103 (1982), the conviction, in light of the strong public policy in the finality of judgments, is considered final for all purposes. If the mere filing of a personal restraint petition rendered a conviction nonfinal for purposes of the habitual criminal statute, every defendant alleged to be a habitual criminal could simply file personal restraint petitions as to all prior convictions and thereby effectively prevent a

habitual criminal finding. Such a result would render the habitual criminal statute a nullity.

■ LaBeur also contends that the State was required to prove at the habitual criminal proceeding that he knowingly and intelligently waived his right to appeal. LaBeur has cited no authority for this expansive reading of *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980), which holds that when a defendant challenges the validity of his guilty plea, the State has the burden of proving beyond a reasonable doubt that the plea was voluntarily, knowingly and intelligently entered. There is no requirement under *Holsworth* that the State prove that the defendant knowingly and intelligently waived his right to an appeal prior to the introduction of a previous conviction. We decline the invitation to expand the holding of *Holsworth*.

LaBeur raises the following contentions in his personal restraint petitions: he was not advised of his right to appeal; he requested an appeal from his lawyers; his counsel was incompetent because of the failure to advise him of his right to appeal and to file a notice of appeal; he was not advised of his Fifth Amendment rights and his arrest was illegal.

■ The record shows that LaBeur signed a written waiver of his right to an appeal from his conviction in King County cause 49844. As to his failure to appeal the forgery and possession of stolen property convictions, LaBeur has not demonstrated what issues he would have raised or that an appeal would have been successful. Thus, LaBeur has not shown that he was prejudiced. *In re Hagler, supra.* The other issues raised in the personal restraint petitions are also without merit.

Affirmed; the personal restraint petitions are denied.

CORBETT, J., concurs.

WILLIAMS, J. (concurring)—I concur in the result reached by the majority because King County cause 79572 contains

a final judgment of conviction, no appeal having been taken therefrom. A personal restraint petition is in no sense an appeal.

Reconsideration denied February 28, 1983.

Review denied by Supreme Court May 10, 1983.