[No. 6245–7–III.   Division Three.   March 11, 1986.]

ROBERTO JUAREZ CASTILLO, *Respondent,* v. LARRY
KINCHELOE, *as Superintendent of the State
Penitentiary, Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Michael*

*P. Lynch, Assistant; Jeffrey C. Sullivan, Prosecuting Attorney for Yakima County,* and *Robert N. Hackett, Jr., Deputy,* for appellant.

THOMPSON, J.—The State appeals the trial court's vacation of Roberto Juarez Castillo's habitual criminal status. We reverse.

On February 24, 1976, a jury found Roberto Castillo guilty of the crime of grand larceny. Mr. Castillo's attorney requested the preparation of a presentence report, but the court refused, concluding probation was not available as a sentence alternative because of the revocation of Mr. Castillo's previous parole status.

On September 8, 1977, Mr. Castillo pleaded guilty to the crime of forgery. Subsequently, Mr. Castillo was tried and found to be a habitual criminal, which resulted in a sentence enhancement of 5 years to life. The two prior felonies found in the habitual criminal proceeding were (a) a 1974 escape conviction, and (b) the 1976 larceny conviction.

On July 25, 1983, Mr. Castillo filed a petition for writ of habeas corpus. Following a hearing, the trial judge concluded the sentencing procedure used in the grand larceny conviction was erroneous in that neither RCW 9.92.060 nor RCW 9.95.200 *et seq.* precluded the availability of probation. He then vacated the grand larceny and habitual criminal sentences.

The State filed a notice of appeal challenging only the conclusions of law which provided the basis for vacation of the habitual criminal finding. A motion to stay the vacation pending appeal was granted by our commissioner. Mr. Castillo then filed a motion to dismiss the appeal and to stay the appeal pending the motion to dismiss, which was denied.

Although Mr. Castillo has failed to file a brief, in his motion to dismiss the State's appeal, he claimed granting review of the vacation of his habitual criminal status would expose him to an ex post facto penalty and double jeopardy. We disagree.

RCW 9.92.090[1] states that every defendant convicted in Washington of certain enumerated crimes, who has previously been convicted of a felony, or twice convicted of certain crimes, shall be deemed a habitual criminal. *State v. Braithwaite,* 92 Wn.2d 624, 626, 600 P.2d 1260 (1979), *overruled in part in State v. Hennings,* 100 Wn.2d 379, 670 P.2d 256 (1983). Mr. Castillo claims to reinstate his habitual criminal status would allow the admissibility of nonfinal "prior convictions" in habitual criminal proceedings in direct contravention of *State v. Alexander,* 10 Wn. App. 942, 943, 521 P.2d 57 (1974), upon which the trial court relied to vacate the habitual criminal conviction. Thus, Mr. Castillo claims he would be subjected to an ex post facto penalty.

However, *State v. Alexander, supra,* is factually distinguishable in two ways: (1) contrary to Mr. Castillo's claims, here the trial court vacated only the sentence portion of the 1974 grand larceny conviction, not the conviction itself,[2] and (2) *State v. Alexander, supra,* involved an appeal from a conviction rather than a collateral attack on the convic-

---

[1]RCW 9.92.090:

"Habitual criminals. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted . . . of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted . . . of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted . . . of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted . . . of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

[2]Conclusion of law 1 states:

"Petitioner's Sentence, but not the Judgment, in Walla Walla County Cause No. 66325 is invalid because Judge Tuttle did not exercise his judicial discretion in determining whether to impose a probationary sentence."

tion in a personal restraint petition. *See State v. LaBeur,* 33 Wn. App. 762, 764, 657 P.2d 802, *review denied,* 99 Wn.2d 1013 (1983), in which Division One declined to enlarge its *Alexander* holding (that convictions pending an appeal lack finality for habitual criminal purposes) to encompass personal restraint petitions. It has also been held that allowing an "appeal" filed 7 years after sentencing to preclude use of the conviction in the habitual criminal proceeding would render the habitual statute meaningless since a defendant could simply file appeals to avoid being adjudged a habitual criminal.

> Until relief is granted in the personal restraint petition which is a collateral attack in a civil proceeding . . . the conviction, in light of the strong public policy in the finality of judgments, is considered final for all purposes. If the mere filing of a personal restraint petition rendered a conviction nonfinal for purposes of the habitual criminal statute, every defendant alleged to be a habitual criminal could simply file personal restraint petitions as to all prior convictions and thereby effectively prevent a habitual criminal finding. Such a result would render the habitual criminal statute a nullity.

(Citations omitted.)

*State v. Boot,* 40 Wn. App. 215, 221–22, 697 P.2d 1034 (1985) (quoting *LaBeur,* at 764–65). Similarly, this appears to answer Mr. Castillo's claim that an "appeal" of his 1974 conviction is pending before our Supreme Court. Consequently, we hold reinstatement of Mr. Castillo's habitual criminal status would not subject him to an ex post facto penalty, nor would it be inconsistent with *State v. Alexander, supra.*

Additionally, contrary to Mr Castillo's claims, reinstatement of habitual criminal status would not subject him to double jeopardy. *State v. Braithwaite, supra,* held double jeopardy did not apply to habitual criminal proceedings because such a charge was a status and not a crime; but *State v. Hennings, supra,* overruled *State v. Braithwaite, supra,* and found double jeopardy principles should apply

to Washington's habitual criminal proceedings. The double jeopardy clause of the Fifth Amendment expressly states: "'nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . .'" *Hennings,* at 382; U.S. Const. amend. 5. Thus, the double jeopardy clause prohibits the retrial of a defendant who has been acquitted of a habitual criminal charge. *Hennings,* at 390. Mr. Castillo incorrectly claims the court's vacation of the habitual criminal charge was an acquittal of the underlying grand larceny conviction. The vacation was based on the trial judge's conclusion an error of law had been made with respect to the options available to the sentencing judge, rather than the fact the State had failed to provide sufficient evidence of prior convictions.

> Although review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact.

*United States v. Wilson,* 420 U.S. 332, 345, 43 L. Ed. 2d 232, 95 S. Ct. 1013, 1023 (1975); *United States v. Morrison,* 429 U.S. 1, 50 L. Ed. 2d 1, 97 S. Ct. 24 (1976). Here, the actual basis for the dismissal of Mr. Castillo's habitual criminal status was an alleged error of law.

Unlike the defendant in *State v. Hennings, supra,* a reinstatement of habitual criminal status would not subject Mr. Castillo to another hearing where the State would be required to prove the voluntariness of his guilty plea to the grand larceny charge. A remand to the trial court for the correction of an invalid sentence does not result in double jeopardy. *State v. Kelly,* 20 Wn. App. 705, 708, 582 P.2d 891 (1978), *review denied,* 92 Wn.2d 1003 (1979). Furthermore, *State v. Braithwaite, supra,* held that a finding of guilty even though the sentence was later suspended constituted a "previous conviction" for purposes of adjudging a defendant a habitual criminal.

When it is observed that the habitual criminal statute makes prior convictions the basis for the determination of this status, it is obvious that the legislature did not intend that a defendant who has escaped punishment for an offense of which he has been convicted should also escape the impact of that conviction when he is brought before the court upon a charge of being a habitual criminal. . . .

. . .

By the use of the words "previously convicted" rather than the words "previously convicted and punished," . . . the legislature has made it clear that the factor which it considers important in habitual criminal proceedings is the previous establishment of guilt of other offenses, not the fact or extent of previous punishment.

*Braithwaite,* at 628–30. Although overruled by *State v. Hennings, supra,* insofar as the applicability of the double jeopardy clause to habitual criminal proceedings, this second *Braithwaite* holding remains the law in this jurisdiction. Further, it accords with *Morrison* and *Wilson* which hold that the reinstatement of the original guilty verdict rather than further factual proceedings relating to guilt or innocence precludes the application of the double jeopardy clause. *See also State v. Hudlow,* 36 Wn. App. 630, 635, 676 P.2d 553 (1984), wherein the court held the State would not be precluded from ordering a rehearing to allow the State to produce additional evidence on the validity of a guilty plea where defendant raised the issue of his guilty plea for the first time on appeal. Consequently, we hold reinstatement of the habitual criminal status would not subject Mr. Castillo to either an ex post facto penalty or double jeopardy.

Reversed.

GREEN, C.J., and MUNSON, J., concur.