IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF<br><br>ABDULLAHI NOOR,<br><br>                         Petitioner. | No. 80891-5-I<br><br>OPINION DENYING EMERGENCY MOTION FOR RELEASE UNDER RAP 16.15(b) |

PER CURIAM – Petitioner Abdullahi Noor is serving an indeterminate life sentence after being convicted of rape, witness intimidation, assault in the fourth degree, harassment and three counts of misdemeanor violation of a court order. This court affirmed his conviction and sentence in 2018. See State v. Noor, 4 Wn. App.2d 1009, *review denied*, 192 Wn.2d 1003 (2018). On December 18, 2019, Noor filed a personal restraint petition raising eight claims he contends justify reversal of his convictions. This court has requested a response from the State, the deadline for which is May 4, 2020.

On April 14, 2020, Noor filed an emergency motion seeking to be released from prison on personal recognizance or on conditions of release under RAP 16.15(b), claiming that the coronavirus pandemic presents him with an undue risk of infection. This court requested a response to this motion, which the State filed on April 21, 2020. A panel of this court, having reviewed the motion and response, DENIES Noor's emergency motion.

Citations and pin cites are based on the Westlaw online version of the cited material.

RAP 16.15(b) provides:

(b) Release by Appellate Court of Person in Custody. The appellate court may release a petitioner on bail or personal recognizance before deciding the petition, if release prevents further unlawful confinement and it is unjust to delay the petitioner's release until the petition is determined. The appellate court or the superior court in its decision on the merits, or by separate order after a decision on the merits, may release a petitioner on bail or on personal recognizance. The appellate court may direct the release of petitioner with the conditions of release to be determined by a trial court.

RAP 16.15(b) does not contemplate the release of a defendant convicted and sentenced to life in prison *before* the court had addressed the merits of that defendant's petition. The first sentence of this rule was intended to facilitate release of a petitioner in advance of the time required to prepare and circulate an opinion. 3 TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 16.15 (8th ed. 2014). Release is generally authorized under RAP 16.15(b) only when the defendant has demonstrated a "clearly meritorious case." 1 Wash. State Bar Ass'n, Washington Appellate Practice Deskbook §24.7(13) (4th ED. 2016). We are not in a position to make such a determination on an emergency basis, particularly when the State has not even had the opportunity to address the merits of Noor's petition.

Under RCW 9.95.062(2), Noor was ineligible from being released during his direct appeal. Now that his convictions have been affirmed on direct appeal and are final, we find his argument for release pending consideration of a collateral attack to be even less compelling. Absent statutory authority, there is no right to release on bail once a conviction is final. State v. Reese, 15 Wn. App. 619, 621-22, 550 P.2d 1179 (1976). Noor's convictions became final in 2018 when the

Supreme Court denied his petition for review after this court rejected his direct appeal. Until relief is granted in a personal restraint petition, the convictions are considered final for all purposes. State v. LaBeur, 33 Wn. App. 762, 764, 657 P.2d 802 (1983).

In order to warrant release from prison pending the resolution of a habeas petition, a federal petitioner must show "substantial question" making the application for release "exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964); Martin v. Solem, 801 F. 2d 324, 329 (8th Cir. 1986).

Noor has not demonstrated any special circumstances warranting his release pending our consideration of the merits of his collateral attack. We recognize that the novel coronavirus pandemic has raised concerns about the risk of infection that the prison population faces. Whether the Department of Corrections (DOC) is taking adequate steps to mitigate this risk is pending before our Supreme Court in a mandamus action brought by a group of inmates, Colvin v. Inslee, No. 98317-8. But Noor does not fall within any of the populations at high risk of infection. He has presented no evidence that he has any increased risk factors under current standards set by the Centers for Disease Control and Prevention.[1] And as of April 23, 2020, the DOC facility in which Noor is confined, Coyote Ridge Corrections Center, reports no confirmed infections among incarcerated individuals.[2]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html
[2] https://www.doc.wa.gov/news/covid-19.htm#status

Further, according to the DOC website, on April 13, 2020, Governor Inslee and the DOC began to implement steps in response to the COVID-19 pandemic to mitigate any risk to its incarcerated population, including emergency commutations of sentences for certain low-risk, non-violent offenders,[3] early release of certain incarcerated individuals through furloughs or emergency medical releases,[4] and allowing others to serve the remainder of their sentences in the community.[5] While Noor, who is serving an indeterminate sentence for rape, does not appear to qualify for release under any of these programs, the stated goal is to reduce the overall prison population, thereby mitigating any risks Noor may continue to face while incarcerated.

Based on the record before us, Noor's motion for emergency release is DENIED.

_Andrus, A.C.J._

_Dwyer, J._

_Appelwick, J._

---

[3] https://www.governor.wa.gov/sites/default/files/COVID-19%20-%20Commutation%20Order%204.15.20%20%28tmp%29.pdf
[4] https://www.governor.wa.gov/sites/default/files/proclamations/20-50%20-%20COVID-19%20Reducing%20Prison%20Population.pdf
[5] https://www.doc.wa.gov/news/2020/04162020p.htm