IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF<br><br>ZAKARIA AWEIS DERE,<br><br><div align="center">Petitioner.</div> | No. 77873-1-I<br><br>UNPUBLISHED OPINION |

PER CURIAM – Petitioner Zakaria Dere was convicted and sentenced in 2014 on one count of robbery in the first degree in King County Superior Court Cause No. 14-1-00051-7 SEA. This court affirmed Dere's conviction and sentence. See State v. Mohamed, 195 Wn. App. 161, *review denied*, 187 Wn.2d 1004 (2017). On December 28, 2017, Dere filed a personal restraint petition challenging his judgment and sentence on the grounds of newly discovered evidence and ineffective assistance of counsel. On March 21, 2019, this court issued an order of transfer directing the superior court to conduct a reference hearing to determine (1) the reliability and credibility of co-defendant Bashir Mohamed's recantation statement regarding Dere's role in the crime and (2) defense counsel's reasons for not interviewing Mohamed Abdi Ahmed, who witnessed the crime. Due to various unforeseen circumstances, the reference hearing has not yet occurred.

On April 7, 2020, Dere filed an emergency motion seeking to be released from prison on bail or personal recognizance pursuant to RAP 16.15(b). Dere's

Citations and pin cites are based on the Westlaw online version of the cited material.

petition included a letter from his friends and family pledging that he is not a danger to the community, that he will attend all court hearings, and that upon release he will reside with his sister and her family until the reference hearing occurs. Dere further asserts that release pending a reference hearing is appropriate to reduce crowding and allow for social distancing to reduce the risk of contracting coronavirus in prison. This court requested a response to Dere's motion, which the State filed on April 14, 2020. A panel of this court, having reviewed the motion and response, DENIES Dere's emergency motion.

RAP 16.15(b) provides:

> (b) Release by Appellate Court of Person in Custody. The appellate court may release a petitioner on bail or personal recognizance before deciding the petition, if release prevents further unlawful confinement and it is unjust to delay the petitioner's release until the petition is determined. The appellate court or the superior court in its decision on the merits, or by separate order after a decision on the merits, may release a petitioner on bail or on personal recognizance. The appellate court may direct the release of petitioner with the conditions of release to be determined by a trial court.

RAP 16.15(b) does not contemplate the release of a defendant *before* the court had addressed the merits of that defendant's petition. The first sentence of this rule was intended to facilitate release of a petitioner in advance of the time required to prepare and circulate an opinion. 3 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 16.15 (8th ed. 2014). Release is generally authorized under RAP 16.15(b) only when the defendant has demonstrated a "clearly meritorious case." 1 WASH. STATE BAR ASS'N, WASHINGTON APPELLATE PRACTICE DESKBOOK § 24.7(13) (4th ed. 2016). We are not in a position to make such a determination on an emergency basis prior to the reference hearing.

Moreover, absent statutory authority, there is no right to release on bail once a conviction is final. State v. Reese, 15 Wn. App. 619, 621-22, 550 P.2d 1179 (1976). Dere's convictions became final in 2017 when the Washington Supreme Court denied his petition for review after this court rejected his direct appeal. Until relief is granted in a personal restraint petition, the convictions are considered final for all purposes. State v. LaBeur, 33 Wn. App. 762, 764, 657 P.2d 802 (1983).

In order to warrant release from prison pending the resolution of a habeas petition, a federal petitioner must show a "substantial question" making the application for release "exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964); Martin v. Solem, 801 F. 2d 324, 329 (8th Cir. 1986). Dere has not demonstrated any special circumstances warranting his release pending his reference hearing. Although Dere's motion asserts that the reference hearing may be delayed for an extended period of time, the parties subsequently agreed that the hearing will take place on June 15, 2020. This relatively brief additional delay does not justify the requested relief.

We recognize that the novel coronavirus pandemic has raised concerns about the risk of infection that the prison population faces. However, in a mandamus action brought by a group of inmates, Colvin v. Inslee, No. 98317-8, our Supreme Court recently ruled that the petitioners had not shown that the Department of Corrections (DOC) is currently failing to perform a mandatory, nondiscretionary duty in addressing the COVID-19 risk or that DOC's actions constitute deliberate indifference to this risk.

Moreover, Dere does not assert that he falls within any of the populations at high risk of infection. He has presented no evidence that he has any increased risk factors under current standards set by the Centers for Disease Control and Prevention.[1] Further, according to the DOC website, on April 13, 2020, Governor Inslee and the DOC began to implement steps in response to the COVID-19 pandemic to mitigate any risk to its incarcerated population, including emergency commutations of sentences for certain low-risk, non-violent offenders,[2] early release of certain incarcerated individuals through furloughs or emergency medical releases,[3] and allowing others to serve the remainder of their sentences in the community.[4] While Dere does not appear to qualify for release under any of these programs, the stated goal is to reduce the overall prison population, thereby mitigating any risks Dere may continue to face while incarcerated.

Based on the record before us, Dere's motion for emergency release is DENIED.

Andrus, A.C.J.

Dwyer, J.

Appelwick, J.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html
[2] https://www.governor.wa.gov/sites/default/files/COVID-19%20-%20Commutation%20Order%204.15.20%20%28tmp%29.pdf
[3] https://www.governor.wa.gov/sites/default/files/proclamations/20-50%20-%20COVID-19%20Reducing%20Prison%20Population.pdf
[4] https://www.doc.wa.gov/news/2020/04162020p.htm